IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| JOSEPH D. EARLY, Individually, | ) ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION |
| v. | ) ) ) | NO. 2:23-cv-417 |
| PITTSBURGH BUREAU OF POLICE, THE CITY OF PITTSBURGH, FERRA'S AUTOMOTIVE SERVICES, INC. | ) ) ) ) | |
| Defendants | ) | |

---

**COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

1. Plaintiff, Joseph D. Early ("Plaintiff"), brings this action to remedy a deprivation of his long-settled and fundamental rights to equal protection under the laws of each State, to be free from unreasonable seizures and to due process of law under the United States Constitution. It is beyond debate that the government cannot deprive Plaintiff of property by unreasonable seizure and/or without first providing for notice and a hearing. Here defendants the Pittsburgh Bureau of Police ("PPD") and The City of Pittsburgh ("City"), and Ferra's Automotive Services, Inc. ("Ferra's"), acting in concert, seized and detained, without warrant or exception to the warrant requirement, a motor vehicle which Plaintiff owned, without pre-deprivation notice, timely post-deprivation notice, and a meaningful opportunity to be heard. Plaintiff therefore brings this declaratory judgment/civil rights action pursuant to 42 U.S.C. § 1983 and § 1988 and Title 75 of the Pennsylvania Consolidated Statutes for deprivation of Plaintiff's rights secured by the Fourth and

1

Fourteenth Amendments to the United States Constitution. Plaintiff seeks replevin of the Vehicle and declaratory and injunctive relief and appropriate damages.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1343 (civil rights), and 42 U.S.C. § 1982, § 1983, and § 1988, which provides for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C. § 1983.

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 (federal question) because the cause of action arises under the Constitution and laws of the United States.

4. The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. § 1367 for inter-related state law claims which arise from the occurrence giving rise to the Federal claims and which have a common nucleus of operative fact.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), because the Defendants are in this district, and the acts and occurrences giving rise to the claims took place in this district.

## PARTIES

6. Plaintiff, Joseph D. Early, is a resident of Pennsylvania and registered owner of the Vehicle in question. A 2005 Ford Ranger vehicle identification number 1FTYR10DX5PA18845 (the "Vehicle").

7. Defendant, Pittsburgh, is a Pennsylvania municipal corporation capable of being sued under Pennsylvania law. At all times relevant hereto, the decisions and actions complained of herein were made by the agents of the City pursuant to the City's official policies or customs.

8. The Pittsburgh Bureau of Police, a law enforcement agency, is an agency of the City charged with enforcing state and City laws. Pittsburgh is the legal entity responsible for the PPD. With respect to the policies, practices, and customs regarding the Abandoned Vehicle policies, the City has acted by the through the PPD and its employees as its duly authorized agents acting within the scope and course of their duties and employment and under the color of law.

9. Ferra's Automotive Services, Inc., is a "Salvor" under Title 75 of the Pennsylvania Consolidated States, and towed and holds the Vehicle, depriving Plaintiff of his rights to the Vehicle.

## INTRODUCTION

10. Vehicles parked on City streets may be towed and impounded for specific infractions enumerated in the Pennsylvania Consolidated Statutes or when presumed to be an "Abandoned Vehicle" under Title 75, Section 102 of the Pennsylvania Consolidated Statutes, and procedures exist to notify owners of impounded vehicles.

11. Pittsburgh has a policy, custom and practice of declaring, as abandoned and towing, without any pre-deprivation Due Process and prompt post-deprivation Due Process, any vehicle upon City streets that possesses an expired registration and expired inspection, both of which have been expired for a period of greater than 90 days, otherwise known as "Certain vehicles". (see EXHIBIT 1)

12. On October 10, 2022, PPD, Ferra's, and the City summarily deprived Plaintiff of his rights in the Vehicle when PPD engaged and directed Ferra's to seize the Vehicle pursuant to its police powers, Ferra's detained it without timely notice to Plaintiff and

without affording Plaintiff with a timely and meaningful opportunity for a hearing with respect to the legitimacy of these actions.

13. In order to retrieve said vehicles, owners of certain vehicles are required to pay towing and impounding fees, or have said fees waved at a post-deprivation Abandoned Vehicle hearing.

14. PPD is required to provide a post-deprivation Abandoned Vehicle Hearing, if requested by the vehicle owner.

15. PPD and the City did not provide a prompt hearing as required by the Due Process clause of the Fourteenth Amendment.

16. The hearing officer at the Abandoned Vehicle Hearing was Jesse Exilus, Assistant Solicitor, Pittsburgh Law Department.

17. Upon reasonable belief, PPD and the City did not provide an impartial hearing officer as required by the Due Process Clause of the Fourteenth Amendment.

18. It is believed, Ferra's is still in possession of Plaintiff's Vehicle.

19. The PPD's and the City's Abandoned Vehicle policies and practices fail to provide adequate pre-deprivation Due Process and post-deprivation Due Process in violation of the Fourteenth Amendment and constitutes and unreasonable seizure under the Fourth Amendment of the U.S. Constitution. As a result, Plaintiff has been unreasonably and arbitrarily deprived of his possessory and ownership interest in access to and use of his vehicle under the Fourth Amendment and without Due Process as required by the Fourteenth Amendment.

20. The City's interpretation of the Pennsylvania Consolidated Statutes renders parts of the Vehicle Code unconstitutional.

## FACTS

21. On or about October 10, 2022, Officer Kusenko of the Pittsburgh Bureau of Police, came upon the Vehicle, pursuant to a complaint, and determined the Vehicle was presumed abandoned.

22. On or about October 10, 2022, Officer Kusenko further determined that the Vehicle's registration and inspection were both expired for periods of greater than ninety days.

23. On or about October 10, 2022, pursuant to the above determination, Officer Kusenko determined the vehicle was to be towed and seized immediately.

24. On or about October 10, 2022, the Vehicle, being legally parked on Shady Avenue in Pittsburgh, Pennsylvania, was towed and seized by Defendant Ferra's at the direction of PPD.  (See EXHIBIT 2)

25. On or about October 10, 2022, Plaintiff noticed the Vehicle was missing.

26. On or about October 11, 2022, Plaintiff contacted the Pittsburgh Bureau of Police, Zone 4, to inquire if the Vehicle was towed by the City and discovered the Vehicle had been towed as "Abandoned".

27. To the best of Plaintiff's knowledge, the Vehicle was legally parked and not a hazard or obstruction on the roadway.

28. To the best of Plaintiff's knowledge, the License Plate for the Vehicle was still properly attached and the VIN Number was visible and legible.

29. Upon reasonable belief, Defendant Ferra's failed to properly complete the abandoned vehicle information report.  (see EXHIBIT 1)

30. On or about November 26, 2022, approximately forty-seven days after the Vehicle was towed, the Commonwealth of Pennsylvania Department of Transportation Bureau of

Motor Vehicles Abandoned Vehicle Unit sent Plaintiff a letter, notifying Plaintiff that the Vehicle was "declared abandoned" and of Plaintiff right to "request a hearing" within thirty days of the date of the letter (November 26, 2022).  (see EXHIBIT 3)

31. On November 29, 2022, Plaintiff called the Pittsburgh Bureau of Police, Zone 4, to request an Abandoned Vehicle Hearing.  Plaintiff did not receive any form of confirmation that a hearing would be granted.

32. On November, 29, 2022, again, Plaintiff called the Pittsburgh Bureau of Police, Zone 4, to request an Abandoned Vehicle Hearing.  Plaintiff did not receive any form of confirmation that a hearing would be granted.

33. On November 29, 2022, Plaintiff called the Pittsburgh Bureau of Police, to request an Abandoned Vehicle Hearing.  Plaintiff did not receive any form of confirmation that a hearing would be granted.

34. On December 2, 2022 Plaintiff called the Pittsburgh Bureau of Police, Zone 4, to request an Abandoned Vehicle Hearing.  Plaintiff did not receive any form of confirmation that a hearing would be granted.

35. On December 2, 2022, Plaintiff contacted Anna Kudrav, Assistant Police Chief for the Pittsburgh Bureau of Police, via email, to request an Abandoned Vehicle Report and an Abandoned Vehicle Hearing. Plaintiff did not receive any form of confirmation that a hearing would be granted. (see EXHIBIT 4)

36. On December 2, 2022, Plaintiff contacted Linda Barone, Deputy Directory, Pittsburgh Bureau of Police, via email, to request and Abandoned Vehicle Report and an Abandoned Vehicle Hearing.  Plaintiff did not receive any form of confirmation that a hearing would be granted.  (see EXHIBIT 4)

37. On December 20, 2022, Plaintiff visited the Pittsburgh Bureau of Police, Zone 4, to request an Abandoned Vehicle Hearing. Plaintiff did not receive any form of confirmation that a hearing would be granted.

38. On December 20, 2022, in response to Plaintiff's visit to the Zone 4 Station, Plaintiff received a call and voicemail message from an Officer at Zone 4, notifying Plaintiff to contact Ben Smith in the City Law Department to arrange an Abandoned Vehicle Hearing.

39. On December 27, 2022, Plaintiff called the Pittsburgh Law Department to request an Abandoned Vehicle Hearing. Plaintiff did not receive any form of confirmation that a hearing would be granted.

40. On December 27 2022, Plaintiff, again, called the Pittsburgh Law Department to request a hearing. Plaintiff did not receive any form of confirmation that a hearing would be granted.

41. On December 28, 2022, Plaintiff called the Pittsburgh Law Department to request an Abandoned Vehicle Hearing. Plaintiff did not receive any form of confirmation that a hearing would be granted.

42. On December 28, 2022, Plaintiff received a call/voicemail from Christine Erikson acknowledging Plaintiffs request for an Abandoned Vehicle Hearing and stating they would be making efforts to provide same.

43. On January 5, 2023, Plaintiff spoke, via phone, with Jesse Exilus, Assistant Solicitor for the Pittsburgh Department of Law, about scheduling an Abandoned Vehicle Hearing.

44. On January 20, 2023, Plaintiff received an email from Jesse Exilus, Assistant Solicitor for the Pittsburgh Department of Law, scheduling the Abandoned Vehicle Hearing for January 25, 2023.  (see EXHIBIT 5)

45. On January 25, 2023, Plaintiff attended the Abandoned Vehicle Hearing in the offices of the Pittsburgh Department of Law.  The Hearing Officer was Jesse Exilus, Assistant Solicitor, Pittsburgh Department of Law.

46. On February 10, 2023, Plaintiff received the Abandoned Vehicle Adjudication from Jesse Exilus, Assistant Solicitor, Pittsburgh Department of Law, that Plaintiff's Vehicle was lawfully determined to be "Abandoned" and that Plaintiff could reclaim said Vehicle upon payment of all towing and storage expenses. (see EXHIBIT 6)

## COUNT I
## Violation of Civil rights Pursuant to title 42 U.S.C. § 1983
**(Deprivation of Property by Unreasonable Seizure and Without Due Process of Law)**

47. Plaintiff realleges and incorporate herein by reference the allegation set forth in the above paragraphs of the complaint.

48. Prior to Ferra's, PPD's, and the City's involvement, Plaintiff was the owner of the Vehicle and maintained lawful possession of and access to same.

49. Defendants acted under color of state law to deprive Plaintiff of valuable property interests in the Vehicle in the following ways:

50. Due to policy, pactice, and custom, PPD and the City did not provide any form of notice to Plaintiff prior to removing and seizing Plaintiffs Vehicle.

51. PPD and the City, in concert with Ferra's, imposed a de facto lien on the Vehicle for towing and storage fees.

52. Ferra's, the PPD's and the City's conduct in causing such deprivations violated Plaintiff's right to Due Process under the Fourteenth Amendment to the United State Constitution because the PPD's and the City's policies, customs, and practices for "Certain vehicles" do not provide for pre-deprivation notice and a pre-deprivation opportunity to be heard before an impartial decision-maker, whereat Plaintiff could have demonstrated Plaintiff's intention to not relinquish Plaintiff's ownership interest in the Vehicle.

## COUNT II
## Violation of Civil rights Pursuant to title 42 U.S.C. § 1983
**(Deprivation of Property by Unreasonable Seizure and Without Due Process of Law)**

53. Plaintiff realleges and incorporate herein by reference the allegation set forth in the above paragraphs of the complaint.

54. On or about October 10, 2022, Defendants towed the Vehicle.

55. It is believed that due to policy, practice, and custom, Plaintiff did not receive official notice until on or about November 26, 2022, constituting an unreasonable 46 day delay. (not counting the first day of October 10, 2023 or the official date of November 26, 2022)

56. Upon reasonable belief, Plaintiff believes the delay was due to PPD's and the City's policies, customs, and practices and the failure to provide Plaintiff with timely and prompt post-deprivation notice constitutes a violation of the Due Process required by the Fourteenth Amendment of the U.S. Constitution.

## COUNT III
## Violation of Civil rights Pursuant to title 42 U.S.C. § 1983
**(Deprivation of Property by Unreasonable Seizure and Without Due Process of Law)**

57. Plaintiff realleges and incorporate herein by reference the allegation set forth in the above paragraphs of the complaint.

58. On or about October 10, 2022, Defendants towed the Vehicle.

59. Upon receiving official notice from the Commonwealth of Pennsylvania, on or about November 26, 2022, Plaintiff began contacting different offices within the PPD and City to secure Plaintiff's right to a hearing on November 29,2022.  It was not until January 20,2023 that Plaintiff received any type of confirmation Plaintiff's right to a hearing would be honored, constituting an unreasonable delay and obstruction of 51 days.  (not counting the first day of November 29, 2022 or the final day of January 20, 2023)

60. From the date of Plaintiff's first attempt at securing a hearing and Plaintiff actually attending that hearing, 56 days had passed. (not counting the first day of November 29 2022 or the hearing date of January 25, 2023)

61. From the date Plaintiff first spoke with Jesse Exilus, Assistant Solicitor, Pittsburgh Law Department, on January 5, 2023, to the date of the Abandoned Vehicle Hearing,

62. In total, from the date the Vehicle was towed (on or about October 10, 2023), until Plaintiff was granted an Abandoned Vehicle hearing (January 25, 2023), 106 days had passed.  (not counting the first day of October 10, 2023 or the hearing date of January 25, 2023).

63. From the date Plaintiff received a message from the Pittsburgh Law Department about arranging an Abandoned Vehicle Hearing (December 28, 2022) to the date of the actual hearing (January 25, 2023), 27 days passed.  (not counting the first day of December 28, 2022 or the date of the hearing January 25, 2023)

64. On February 10, 2023, Plaintiff received an email from Jesse Exilus, Assistant Solicitor, Pittsburgh Law Department, notifying Plaintiff the Vehicle had been adjudicated as "Abandoned".

65. From the date the Vehicle was towed (October 10, 2022) to the date Plaintiff received notice of the hearing officer's final decision (February 10, 2023), 122 days had passed. (not counting the first day of October 10, 2023 or the date the opinion was received, February 10, 2023)

66. It is believed the delays were caused by custom, policy, and practices of the PPD and City.

67. All of the delays identified herein, individually and collectively, constitutes a denial of reasonable and prompt Due Process required by the Fourteenth Amendment to the U.S. Constitution. (see EXHIBITS 1, 5 & 6)

## COUNT IV
## Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983
**(Deprivation of Property by Unreasonable Seizure and Without Due Process of Law)**

68. Plaintiff realleges and incorporate herein by reference the allegation set forth in the above paragraphs of the complaint.

69. Plaintiff attended an Abandoned Vehicle Hearing on January 25, 2023, in the offices of the Pittsburgh Law Department.

70. The Hearing Officer for the Abandoned Vehicle Hearing was Jesse Exilus, Assistant Solicitor, Pittsburgh Law Department.

71. Upon reasonable belief, Plaintiff contends due to his position as Assistant Solicitor for the Pittsburgh Law Department, and the policy, custom or practice of assigning Abandoned Vehicle Hearings to employees of the Pittsburgh Law Department, Mr. Jesse Exilus, was not impartial and his lack of impartiality denied Plaintiff of a meaningful opportunity to be heard, in violation of the Fourteen Amendment of the U.S.

Constitution.  (see EXHIBIT 6, Opinion of Jesse Exilus for the Abandoned Vehicle Hearing)

## COUNT V
## Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983
**(Deprivation of Property by Unreasonable Seizure and Without Due Process of Law)**

72. Plaintiff realleges and incorporate herein by reference the allegation set forth in the above paragraphs of the complaint.

73. Plaintiff attended an Abandoned Vehicle Hearing on January 25, 2023, in the offices of the Pittsburgh Law Department.

74. The Hearing Officer for the Abandoned Vehicle Hearing was Jesse Exilus, Assistant Solicitor, Pittsburgh Law Department.

75. Upon reasonable belief, Plaintiff contends PPD and the City, hold an opinion and practice that any vehicle that meets the definition of an "Abandoned Vehicle" provided in 75 Pa. C.S. § 102, is an "Abandoned Vehicle", regardless of the owners actual intent to renounce ownership or efforts to claim the vehicles at a hearing.  This constitutes an unconstitutional irrebuttable presumption, thereby depriving Plaintiff of Due Process and a meaningful opportunity to be heard, as required by the Fourteenth Amendment to the United States Constitution.  (see EXHIBIT 6, Opinion of Jesse Exilus for the Abandoned Vehicle Hearing)

## COUNT VI
## Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983
**(Deprivation of Property by Unreasonable Seizure and Without Due Process of Law)**

76. Plaintiff realleges and incorporate herein by reference the allegation set forth in the above paragraphs of the complaint.

77. PPD and the City hold an interpretation of 75 Pa. C.S. § 7304.1 and the meaning of "Certain vehicles" that permits and requires them to tow and seize vehicles that have an inspection and registration, both of which have been expired for a period of greater than 90 days, immediately and without providing any pre-deprivation notice to the owner.

78. Plaintiff contends the PPD's and the City's policy, custom, and practice constitutes a violation of the Equal Protection and Due Process clauses of the Fourteenth Amendment to the U.S. Constitution.

## COUNT VII
## Violation of 75 Pa. C.S. § 3352
### (Failure to Provide Notice Required Under 75 Pa. C.S. § 3352)

79. Plaintiff realleges and incorporate herein by reference the allegation set forth in the above paragraphs of the complaint.

80. To the best of Plaintiff's knowledge, the Vehicle was lawfully parked, did not constitute a hazard or obstruction, and both the License Plate and Vehicle Identification Number were present, visible and legible.

81. Under these circumstances, the failure to provide Notice prior to removal of said vehicle constitutes a violation of 75 Pa. C.S. § 3352(d) ("Notice to owner prior to removal").

## COUNT VIII
## Declaratory Relief

82. Plaintiff realleges and incorporate herein by reference the allegation set forth in the above paragraphs of the complaint.

83. An actual controversy has arisen and now exists between Plaintiff and Defendants warranting declaratory relief pursuant to 28 U.S.C. § 2201.

84. Plaintiff seeks declaration that Defendants conduct as detailed herein violated Plaintiff's rights to be free from unreasonable seizure and Due Process under the Constitution of the Unites States.

85. Plaintiff seeks a declaration that PPD and the City are liable to Plaintiff, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for all damages and attorneys' fees suffered and incurred by Plaintiff.

86. To the extent Defendants' rely on any provision of Pennsylvania State law to justify their actions, a declaration that such provisions of Pennsylvania State law are unconstitutional either as applied or facially, as applicable.

87. Plaintiff seeks a declaration that Defendants' conduct constituting the deprivations described herein was null and void *ab initio*.

## COUNT IX
**(Trespass To Chattels Under Pennsylvania Common Law)**

88. Plaintiff realleges and incorporate herein by reference the allegation set forth in the above paragraphs of the complaint.

89. Ferra's continues to exercise unlawful dominion and control of the Vehicle to the exclusion of Plaintiff's rights when it authorized and participated in the creation of a lien for towing and storage fees for the Vehicle.

90. Ferra's, PPD, and the City exercised unlawful dominion and control over the Vehicle, without Plaintiff's consent and to the exclusion of Plaintiff's rights, when Defendants seized or directed the seizure and detained the Vehicle.

## COUNT X
**Improper Claim to Fees**

91. Plaintiff realleges and incorporate herein by reference the allegation set forth in the above paragraphs of the complaint.

92. To the best of Plaintiff's knowledge, Ferra's is still in possession of the vehicle.

93. To the best of Plaintiff's belief, to recover the Vehicle, Plaintiff would be required to pay all towing and storage fees beginning on the date the Vehicle was towed (October 10, 2022).

94. To the best of Plaintiff's knowledge, Defendant Ferra's failure to complete the abandoned vehicle information report constitutes Ferra's waiver of any right to collect any fees.

95. Plaintiff request return of the Vehicle without payment of any fees.

## COUNT XI
### (Replevin Under Pennsylvania Common Law)

96. Plaintiff realleges and incorporate herein by reference the allegation set forth in the above paragraphs of the complaint.

97. To the best of Plaintiff's knowledge, Ferra's is still in possession of the vehicle.

98. Ferra's is exercising unlawful dominion and control over the Vehicle to the exclusion of Plaintiff's rights.

99. Plaintiff seeks an injunction preventing Ferra's conversion of the Vehicle by obtaining title to or selling the vehicle and replevin of the Vehicle.

## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff request that this Court:

a. Grant judgment in favor of Plaintiff and against Defendants on all causes of action asserted herein;

b. Declare that Defendants violated Plaintiff's rights to be free from unreasonable searches and seizures and Plaintiff's rights to Due Process under the United States Constitution;

c. Judgment against Defendants for compensatory damages to be proven at trial;

d. Injunctive relief preventing the City or Commonwealth of Pennsylvania, from transferring title or selling the Vehicle;

e. Injunctive relief preventing the Ferra's from obtaining title or transferring title by any means;

f. Replevin of the Vehicle;

g. Award Plaintiff the cost of prosecuting this action together with attorney's fees pursuant to 42 U.S.C. § 1988;

h. Declare a permanent injunction against Defendants prohibiting the above unconstitutional practices; and

i. Award such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

March 3, 2023                                                     ____/s/ Joseph D. Early_____
                                                                  Plaintiff (Pro Se)