IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH D. EARLY, Individually, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION |
| vs. | ) ) ) | No.: 23-417 |
| PITTSBURGH BUREAU OF POLICE, THE CITY OF PITTSBURGH, FERRA'S AUTOMOTIVE SERVICES, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

AND NOW comes Defendant Ferra's Automotive Services, Inc. by its attorney, John G. Arch, Esquire, and submits the following Brief in Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted.

**PLAINTIFF'S CLAIM**

Plaintiff seeks declaratory judgment in a civil rights action pursuant to 42 USC §1933 and §1988 and Title 75 of Pennsylvania Consolidated Statutes alleging that the Defendants deprived him of property by unreasonable seizure and/or without first providing for notice and a hearing a motor vehicle which he owned, without predeprivation notice, timely post-deprivation notice, and a meaningful opportunity to be heard.

Pennsylvania Consolidated Statutes Title 75, §102 sets forth procedures to be followed by a municipality in removing an "abandoned vehicle" from public streets.

"Vehicles deemed abandoned that have a registration plate and inspection sticker that have been expired for more than 90 days should be towed immediately" as provided in Paragraph 2.6 of Exhibit 1 attached to the Complaint.

Plaintiff's vehicle had a registration plate and an inspection sticker that had been

expired for more than 90 days.

### FACTS AS RELATING TO DEFENDANT
### FERRA'S AUTOMOTIVE SERVICES, INC.

Ferra's Automotive Services, Inc. (Ferra) is a "Salvor" under Title 75 Pennsylvania Consolidated Statutes, and is in the business of providing a variety of automotive services, which includes towing and storing vehicles at the behest of municipalities and private individuals. (Complaint, para. 9)

On or about October 10, 2022, Defendants City of Pittsburgh Bureau of Police, acting through one of its employees, Officer Kusenko, caused Ferra to take possession, tow, and remove the Plaintiff's vehicle at the direction of the Pittsburgh Police Department. (Complaint, paras. 12, 21-24)

Exhibit 1, Paragraph 3.1, provides that abandoned vehicles shall be towed by a Salvor who has been approved by the City of Pittsburgh. Ferra is a Salvor approved by the City of Pittsburgh.

Plaintiff alleges that all of the Defendants, acting in concert, imposed a *de facto* lien on the vehicle for towing and storage fees. (Complaint, para. 51) This is a misstatement as to the law involved. The Statutes of the Commonwealth of Pennsylvania concerning abandoned vehicles provides for Salvors being compensated for the services provided in removing an abandoned vehicle.

In Count 9 of the Complaint, Plaintiff complains that Ferra "continues to exercise unlawful dominion and control" of Plaintiff's vehicle. (Complaint, paras. 88-90)

In Count 10 of the Complaint, Plaintiff claims improper claim to fees (Complaint, paras. 91-95)

Ferra is entitled to collect the appropriate fees for towing and storage as provided by Pennsylvania law.

Under Count 11, Plaintiff seeks an Order for Replevin. (Complaint, paras. 96-99)

Attached hereto as Exhibit A and incorporated herein by reference is the invoice

from Ferra to Plaintiff, along with notes that are regularly kept in the ordinary course of business by Ferra. Said notes reflect that on the day the vehicle was towed, a Ferra employee, Ginger, sent a 90 day Notice to Plaintiff.

The Ferra invoice also reflects that on October 14, 2022, at 1:06:39 p.m., Owner called and spoke with Rebecca, who advised Owner of the procedures and charges. Owner also expressed an interest in having Ferra make repairs to the vehicle after he pays for the original tow.

Plaintiff neglected his duty to mitigate damages and was well aware immediately after the tow that he could reclaim his vehicle immediately.

## ARGUMENT

Plaintiff does not suggest in his Complaint that the Defendants got together and coordinated or conspired to deprive him of any rights he may have. Rather, he alleges that Ferra, a state-approved Salvor in Pennsylvania, was requested by the police to tow an obviously abandoned motor vehicle owned by the Plaintiff. Ferra did nothing but perform a ministerial act at the behest of an appropriate city officer on a car that was obviously abandoned in accordance with Pennsylvania state law.

The vehicle was abandoned because under Pennsylvania law, the vehicle on which the registration and inspection sticker have been expired for more than 90 days is authorized to be towed immediately.

The only acts committed by Ferra that could be the basis for the claims of the Plaintiff are as follows:

1. Ferra received a telephone call requesting a tow.
2. Ferra's truck responded to the tow site, verified the information, and towed the car to Ferra's storage lot, as directed by the Pittsburgh Police.

## INCORPORATION OF CO-DEFENDANTS' EXPECTED MOTION
## TO DISMISS COMPLAINT BY REFERENCE

Ferra is advised and believes and therefore avers that the City Solicitor of the City of Pittsburgh either has or will be filing a similar Motion to Dismiss Complaint on behalf of the Defendants Pittsburgh Bureau of Police and the City of Pittsburgh.

It is expected that the City of Pittsburgh's Motion to Dismiss Complaint will contain allegations that may be equally applicable to Ferra.

In lieu of repeating and reciting said matters being raised by the City of Pittsburgh, Ferra respectfully adopts and incorporates into this document, as though set forth at length herein, any and all of the allegations and assertions in the City of Pittsburgh's Motion to Dismiss as may be applicable to Ferra.

## CONCLUSION

WHEREFORE, Defendant Ferra's Automotive Services, Inc., respectfully moves This Honorable Court to enter an Order dismissing Plaintiff's Complaint.

Respectfully submitted,

/s/ John G. Arch
John G. Arch, Esquire,
Attorney for Defendant
Ferra's Automotive Services, Inc., only
1722 Main Street
Pittsburgh, Pennsylvania  15215
(412) 784-0338
PA ID.: 00376

Dated:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH D. EARLY, Individually, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| vs. | ) ) | No.: 23-417 |
| PITTSBURGH BUREAU OF POLICE, THE CITY OF PITTSBURGH, FERRA'S AUTOMOTIVE SERVICES, INC., | ) ) ) ) ) | Magistrate Judge Maureen P. Kelly |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2023, upon consideration of the within Motion to Dismiss Complaint and in consideration of the Brief in Support thereof, heretofore filed by one of the Defendants, Ferra's Automotive Services, Inc., and further in consideration of responses heretofore made by the Plaintiff, it is hereby ORDERED, ADJUDGED AND DECREED that the Plaintiff's Complaint as against Defendant Ferra's Automotive Services, Inc., is dismissed.

BY THE COURT:

_____J