**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH D. EARLY,             ) | |
|           ) | |
|        Plaintiff,      ) | |
|           ) | Civil Action No. 2:23-cv-417 |
|    vs.          ) | |
|           ) | |
| PITTSBURGH BUREAU OF POLICE,  ) | |
| CITY OF PITTSBURGH, and FERRA'S  ) | |
| AUTOMOTIVE SERVICES, INC.    ) | |
|           ) | |
|       Defendants.    ) | |

**BRIEF IN SUPPORT OF DEFENDANT CITY OF PITTSBURGH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Defendant City of Pittsburgh[1] respectfully files this brief in support of its Motion to Dismiss Plaintiff Joseph Early's Complaint and Request for Injunctive Relief.

**I.    INTRODUCTION**

Plaintiff's claims against Defendant City of Pittsburgh, set forth in his Complaint and Request for Injunctive Relief, should be dismissed under Federal Rule of Civil Procedure 12(b)(6), due to his failure to state a claim.

**II.    BACKGROUND**

On October 10, 2022, Officer Kusenko of the Pittsburgh Bureau of Police received a complaint about a vehicle parked on Shady Avenue in the City of Pittsburgh. (ECF No. 1 ¶¶ 21, 24). While investigating the complaint, Officer Kusenko determined that the vehicle's registration

---

[1] Plaintiff has named the Pittsburgh Bureau of Police as a Defendant in this action. The Pittsburgh Bureau of Police is not a proper party to this action; only the City of Pittsburgh can be sued. *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (*quoting DeBellis v. Kulp,* 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.").

and inspection were expired. (ECF No. 1 ¶ 22). The inspection had expired in June of 2021, and the registration had expired in January of 2021. (ECF No. 1, Ex. 2). Being that the expiration dates of the inspection and registration were greater than 90 days, the vehicle was cited as "Abandoned" by Officer Kusenko and subsequently towed by Ferra's Automotive Services. (ECF No. 1 ¶¶ 22, 24); *See* 75 Pa.C.S. § 102 (defining "abandoned vehicle"). Pennsylvania's Vehicle Code provides that such an abandoned vehicle may be towed without prior notice to the owner or any lienholders. *See* 75 Pa.C.S. § 7304.1(b) ("any and all vehicles found to be abandoned vehicles pursuant to subsection (a) and found to have a vehicle registration and an inspection sticker, both of which are expired for a period exceeding 90 days, shall be removed immediately by the police department or by an authorized salvor pursuant to police or municipality directions").

After Ferra's Automotive Services towed the vehicle, Officer Kusenko followed the statute and submitted an abandoned vehicle report to the Pennsylvania Department of Transportation. (ECF No. 1, Ex. 2). This is required by 75 Pa. Cons. Stat. § 7305(a) in order to notify the last known registered owner and any lienholders. The statute provides that "the department [of transportation] upon receipt of an abandoned vehicle information report shall notify by certified mail, return receipt requested, the last known registered owner of the vehicle and all lienholders of record that the vehicle is being held as abandoned." 75 Pa. Cons. Stat. §7305(a). Such notice in this case was provided to Plaintiff on November 26, 2022, and is attached to Plaintiff's Complaint as Exhibit 3. (ECF No. 1 ¶ 30, Ex. 3).  The owner of the towed vehicle is then notified of their right to a hearing  before a civilian officer or an employee of the municipality in which the vehicle was reported as abandoned. 75 Pa. Cons. Stat. §7305(b)(3), (5). In this case, Plaintiff requested a hearing, and a hearing was held by Assistant City Solicitor Jesse Exilus on January 24, 2023. (ECF No. 1 ¶ 45).

These procedures under the Pennsylvania Vehicle Code have been reviewed by federal courts, which have repeatedly refused to entertain alleged Due Process violations stemming from the Code. *See Barshinger v. Buffington,* No. 03-0506, 2004 WL 3607974, at 10 (M.D. Pa. June 10, 2004), *aff'd,* 131 F. App'x 783 (3d Cir. 2005); *Draper v. Darby Twp. Police Dep't,* 777 F. Supp. 2d 850, 857 (E.D. Pa. 2011) ("At least one prior court decision has suggested that the Pennsylvania Vehicle Code's notice requirements comply with Due Process") (*citing Barshinger*).

Plaintiff requested, and was provided, an Abandoned Vehicle hearing that took place on January 25, 2023, at the City Law Department. Assistant City Solicitor Jesse Exilus served as hearing officer. The hearing resulted in the decision that Plaintiff's vehicle was in fact, properly towed in accordance with state law. Plaintiff was informed that his vehicle was properly deemed "abandoned" and that he could reclaim the vehicle upon payment of the accumulated fees from towing and storage expenses. Nonetheless, Plaintiff initiated this action on March 13, 2023. With respect to the City, Plaintiff's Complaint and Request for Injunctive Relief sets forth six counts of Deprivation of Property by Unreasonable Seizure and Without Due Process of Law under § 1983, one count of Failure to Provide Notice Under 75 Pa. C.S. § 3352, one count of Trespass of Chattels under Pennsylvania Common Law, and a request for injunctive relief.

All of Plaintiff's claims directed at the City fail as a matter of law and must be dismissed, with prejudice, for the reasons set forth below.

## III.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to respond to a pleading by filing a motion to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a plaintiff must plead facts that "raise a right to relief above the speculative level." *Robinson v. Family Dollar, Inc.*, 679 F. App'x 126, 131 (3d Cir.

2017) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 884.

While the Third Circuit has acknowledged that the Federal Rules of Civil Procedure impose a "liberal notice pleading standard" on plaintiffs, *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005), a complaint must still allege facts that "go beyond merely creating a suspicion of a legally cognizable right of action." *Abulkhair v. Toskos*, 430 F. App'x 98, 102 (3d Cir. 2011) (*quoting Twombly*, 550 U.S. at 555). Accordingly, a plaintiff's obligation to provide the "grounds" of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, courts analyzing the sufficiency of a complaint must "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements," *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012), and "are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (*quoting Twombly*, 550 U.S. at 555)).

## IV.   ARGUMENT

### A.   The Post-Deprivation Hearing Afforded to Plaintiff Satisfies the   Requirement of Procedural Due Process.

Counts I through VI of Plaintiff's Complaint are entitled "Deprivation of Property by Unreasonable Seizure and Without Due Process of Law" and appear to be directed at the City. The claims primarily focus on whether Plaintiff received adequate notice and a fair hearing after his

vehicle was towed on October 10, 2022. Thus, the City reads Plaintiff's claims as alleging the City violated Plaintiff's right to Procedural Due Process[2] and addresses Claims I through VI as follows.

The Fourteenth Amendment prohibits the government from depriving "any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. To state a claim under § 1983 for deprivation of procedural due process, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (internal quotations omitted) (*citing Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Due process requires the opportunity to be heard, and the opportunity "must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Generally, the hearing should occur before an individual is deprived of his property. *See Elsmere Park Club, Ltd. P'ship v. Town of Elsmere*, 542 F.3d 412, 417 (3d Cir. 2008). However, a post-deprivation hearing is acceptable where the government makes available "some meaningful means by which to assess the propriety of the State's action at some time after the initial taking." *Id.* (*citing Parratt v. Taylor*, 451 U.S. 527, 539 (1981)). Citing to the Supreme Court's rationale in *Parratt*, the Third Circuit explained the circumstances where post-deprivations hearings satisfy the due process requirement:

> Where there is "the necessity of quick action by the State," or where "providing any meaningful predeprivation process" would be impractical, the Government is relieved of the usual obligation to provide a predeprivation hearing.

*Id.* (*citing Parratt*, 451 U.S. at 539).

---

[2] To the extent Plaintiff's Complaint sets forth claims that the City violated his right to substantive due process under the Fourteenth Amendment, such claims fail as a matter of law. A substantive due process claim is only appropriate where a constitutional amendment does not provide an "explicit textual source of protection." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Because Plaintiff is claiming that his vehicle was seized, his claims must be brought under the Fourth Amendment. (ECF No. 1, ¶ 26).

In 2003, the Supreme Court considered a factual scenario similar to the instant case when it decided *City of Los Angeles v. David*, 538 U.S. 715 (2003). There, the Supreme Court considered whether a hearing provided to a plaintiff twenty-seven days after his car was towed satisfied the procedural due process requirement. *Id.* at 716. The Court articulated several reasons for finding that the due process requirements were met. *Id.* at 716-719. Notably, however, the Court reasoned that a pre-deprivation hearing is "impossible if the city is to be able to enforce the parking rules[.]" *Id.* at 719. The Court ultimately concluded that the time between the towing of the plaintiff's car and his hearing was merely a "routine delay substantially required by administrative needs" and noted that the "Due Process Clause does not prohibit an agency from imposing this kind of procedural delay when holding hearings to consider claims of the kind here at issue." *Id. See also Fed. Deposit Ins. Corp. v. Mallen*, 486 U.S. 230, 243 (1988) (holding that a 90-day delay between an official's suspension and a post-deprivation hearing "is not so long that it will always violate due process.").

Here, Pennsylvania's Motor Vehicle Code provides an individual with a post-deprivation hearing that satisfies the requirement of procedural due process. The relevant laws in question are found at Sections 7304.1 and 7305 of the Vehicle Code, which provides in relevant part:

> § 7304.1.  Reports and removal of abandoned vehicles within the boundaries of a city of the first class or second class.
>
> (a) General Rule – Any and all vehicles reported abandoned to the police department and/or the appropriate designated municipal agency or department that handles the abandoned vehicle and cargo process shall be investigated within five business days to determine if the reported vehicle is abandoned as defined in section 102 (relating to definitions). Upon the completion of the investigation, any and all reported vehicles that satisfy the requirements of the definition of "abandoned vehicle" shall be officially declared abandoned and removed within ten business days by the police department or by an authorized salvor pursuant to police or municipality directions. Proper notification of the removal of the

vehicle shall be sent pursuant to section 7305 (relating to owner and lienholders of abandoned vehicles).

(b) Certain Vehicles – Any and all vehicles found to be abandoned vehicles pursuant to subsection (a) and found to have a vehicle registration and an inspection sticker, both of which are expired for a period exceeding 90 days, shall be removed immediately by the police department or by an authorized salvor pursuant to police or municipality directions. Proper notification of the removal of the vehicle shall be sent pursuant to section 7305.

\*\*\*\*\*

§ 7305.  Notice to owner and lienholders of abandoned vehicles

(a) General Rule – The department upon receipt of an abandoned vehicle information report shall notify by certified mail, return receipt requested, the last known registered owner of the vehicle and all lienholders of record that the vehicle is being held as abandoned.

(b) Contents of Notice – The Notice shall:

(1) Describe the make, model, title number, vehicle identification number and registration plate number of the abandoned vehicle, if known.

(1.1)  State the location of the police department that processed the vehicle.

(2)  State the location where the vehicle was found

(3) Inform the owner and any lienholders of their right to reclaim the vehicle and its contents within 30 days after the date the notice was mailed at the place where the vehicle is being held by the salvor, upon payment of all towing, storage charges, the fee authorized in section 7306 (relating to payment of costs upon reclaiming vehicle) and penalties under section 3712(d) (relating to abandonment and stripping of vehicles).

(4) State that the failure of the owner or lienholder to reclaim the vehicle and its contents is deemed consent by the owner to the destruction, sale, or other disposition of the abandoned vehicle and its contents and of all lienholders to dissolution of their liens.

(5) Inform the owner and any lienholders of their right, within 30 days of the mailing date of the notice to request from the appropriate police department a copy of the abandoned vehicle information report and of their right to a hearing…The hearing shall be before a civilian officer or employee of the municipality in which the vehicle was reported as abandoned. If as a result of the hearing it is determined that the vehicle was not abandoned, the owner or lienholder may retrieve the vehicle within 48 hours without payment of any of the fee and penalties under paragraph (3).

*****

Pennsylvania's Motor Vehicle Code provided Plaintiff with "meaningful means by which to assess the propriety of [the City's] action at some time after the initial taking." *See Elsmere*, 542 F.3d at 41. As pointed out by the Supreme Court in *David*, it would be impractical for the City to provide pre-deprivation notice in the context of routinely towing abandoned vehicles. Thus, any administrative delay Plaintiff experienced between the time his vehicle as towed and his hearing does not violate his right to procedural due process. *See David*, 538 U.S. at 719.

Furthermore, the City's handling of Plaintiff's vehicle was consistent with these well-established procedures, which have survived federal judicial review for challenges based on alleged Due Process violations. *See Barshinger*, 2004 WL 3607974, at *10; *Draper*, 777 F. Supp. 2d at 857 ("At least one prior court decision has suggested that the Pennsylvania Vehicle Code's notice requirements comply with Due Process) (*citing Barshinger*, 2004 WL 3607974, at *10 n. 4); *Draper,* 2011 WL 3240835, at *3 (E.D. pa. July 29, 2011), *order amended on reconsideration,* 2012 WL 93178 (E.D. Pa. Jan. 11, 2012) (regarding plaintiff's claim that he received no notice before his car was towed, in violation of his Fourteenth Amendment right to Due Process, the court stated: "[t]his very claim was rejected in this court's March 7, 2011, opinion dismissing Draper's first complaint").

**B.      Plaintiff's *Monell* Claim Fails as a Matter of Law.**

Plaintiff's claims that the City had certain policies, customs, or practices suggests that Plaintiff's Complaint includes a *Monell* claim against the City. *See Monell v. New York Dep't of Social Servs.*, 436 U.S. 658 (1978). Plaintiff claims that the City had the following policies, customs, or practices: declaring vehicles abandoned and towing them without pre-deprivation notice (ECF No. 1, at ¶¶ 11, 50); delaying notice of towing abandoned vehicles (ECF No. 1, at ¶ 55); delaying scheduling hearings on abandoned vehicles (ECF No. 1, at ¶¶ 58-66); and assigning abandoned vehicle hearings to Assistant Solicitors. (ECF No. 1, at ¶ 71).

First, Plaintiff only cites to the towing of his own vehicle as evidence of the City's alleged policies, practices, or customs. "As the Supreme Court has explained, '[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing . . . municipal policy, which policy can be attributed to a municipal policymaker.'" *Brown v. City of Pittsburgh*, 586 F.3d 263, 292-93 (3d Cir. 2009) (*quoting City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985)); *see also Detar v. Metting,* 2015 WL 3457499, at *2 (W.D. Pa. May 29, 2015) (dismissing lawsuit against city because "the Complaint fails to set forth any plausible basis to conclude that there was a municipal custom, policy, or practice, generally applicable, that resulted in a Constitutional deprivation under color of state law of a right or rights of the Plaintiff."). Here's Plaintiff's Complaint contains only a single allegation of allegedly unlawful conduct by the City, which is legally insufficient to support a *Monell* claim.

Second, Plaintiff's allegations of the City's policies, customs, or practices merely reflect compliance with state law. City policies do not play a role in the process of removing abandoned vehicles or providing notice to its owner. The Pennsylvania Vehicle Code § 7304.1 governs the

removal of "abandoned vehicles." Section 7305 further provides for the type of notice required. The statute clearly states "proper notifications of the removal of the vehicle shall be sent pursuant to Section 7305." Section 7305 of the statute further provides specific instructions on how to properly notify the owner of the abandoned vehicle. The statute leaves no room for the City to inject its own policy or custom into the process. With regard to Plaintiff's claims regarding the perceived partiality of the Assistant Solicitor who conducted his hearing, Section 7305(b)(5) states: "The hearing shall be before a civilian officer or *employee of the municipality* in which the vehicle was reported as abandoned." 75 Pa C.S. §7305(b)(5) (emphasis added). Therefore, the City of Pittsburgh having an Assistant City Solicitor act as hearing officer is not a Due Process Violation; it is allowed by the law. Plaintiff has failed to establish that he was not given a fair opportunity to be heard due to the alleged impartiality. A hearing was conducted with Plaintiff present, and he had the opportunity to state his argument. The fact that the hearing did not result in his favor, does not automatically imply bias or prejudice toward the Plaintiff. For these reasons, Plaintiff's *Monell* claims against the City fail as a matter of law and must be dismissed.

###    C.  The Notice Requirements of Section 3352 of the Motor Vehicle Code Do Not Apply to this Case.

Count VII of Plaintiff's Complaint alleges that the City of Pittsburgh violated his Due Process rights by failing to provide notice under 75 Pa. C.S. § 3352. This statute governs the "removal of vehicles by or at the direction of police officers" and provides for the procedures applicable when vehicles are either (1) stopped outside of business and residence districts or (2) left unattended and obstructing traffic. 75 Pa. C.S. § 3352(a), (b). Notably, it provides that if a vehicle has been abandoned, the dictates of Section 73 of the Motor Vehicle Code apply. 75 Pa. C.S. § 3352(c); *See also* 75 Pa.C.S. §§ 7301-7312. The pre-deprivation notice requirements of Section 3352 do not apply; Plaintiff's vehicle was removed as an "abandoned vehicle," pursuant

to 75 Pa C.S. §7304.1(b). Because Plaintiff cites to an inapplicable statute, his claim fails as a matter of law.

### D. Plaintiff's State Law Trespass to Chattels Claim is Barred by the Tort Claims Act.

Count IX of Plaintiff's Complaint alleges that the City exercised "unlawful dominion and control" of his vehicle and claims the City commited a trespass to chattels. (ECF No. 1, at ¶¶ 88-90). The Pennsylvania Political Subdivision Tort Claims Act ("Tort Claims Act") provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541(a). The Tort Claims Act provides nine exceptions to this general rule; however, none of the exceptions apply here. 42 Pa.C.S. § 8541(b). Accordingly, Plaintiff's Trespass to Chattels claim fails as a matter of law.

### E. Plaintiff's Equal Protection Claim Fails as a Matter of Law.

Plaintiff's Complaint contains references to the Equal Protection clause of the Fourteenth Amendment. (ECF No. 1, at ¶¶ 1, 78). To the extent his Complaint sets forth an Equal Protection claim against the City, this claim too fails as a matter of law. To sufficiently plead a claim under the Equal Protection clause, a plaintiff must allege that: "(1) he or she was a member of a protected class, (2) he or she was treated differently from similarly situated persons outside of his or her protected class, and (3) the resultant discrimination was purposeful or intentional rather than incidental." *Dunmore Sch. Dist. v. Pa. Interscholastic Ath. Ass'n*, 505 F. Supp. 3d 447, 462 (M.D. Pa. 2020) (*citing Tillman v. Lebanon County Corr. Fac.*, 221 F.3d 410, 423-24 (3d Cir. 2000)). Here, Plaintiff fails to plead that he was a member of a protected class or that he was treated differently from similarly situated persons outside of his protected class. Thus, any claim brought pursuant to the Equal Protection clause fails as a matter of law.

11

**F.   Plaintiff is Not Entitled to Injunctive Relief because He Lacks Standing.**

Plaintiff includes a request for injunctive relief, asking this Court to prevent "the City or Commonwealth of Pennsylvania, from transferring title or selling [his] Vehicle." (ECF No. 1, at ¶ d). To have standing to seek injunctive relief, a plaintiff must show the following: "(1) that he is under threat of suffering 'injury in fact' that is concrete and particularized; (2) the threat must be actual and imminent, not conjectural or hypothetical; (3) it must be fairly traceable to the challenged action of the defendant; and (4) it must be likely that a favorable judicial decision will prevent or redress the injury." *Free Speech Coal., Inc. v. AG United States*, 825 F.3d 149, 165 (3d Cir. 2016) (internal quotations omitted). "Allegations of exposure to illegal conduct in the past alone, without a showing of continuing adverse effects, do not demonstrate a case or controversy entitling a plaintiff to prospective injunctive relief." *Doe v. Div. of Youth & Family Servs.*, 148 F. Supp. 2d 462, 479 (D.N.J. 2001).

Here, Plaintiff has failed to plead any facts showing that the City has the authority to sell his vehicle or intends to sell his vehicle. While Plaintiff has alleged past illegal conduct, *i.e.*, lack of procedural due process, he has not set forth any facts showing there is an actual and imminent threat of the City selling his vehicle. Such a belief is "conjectural or hypothetical" at present. *See Free Speech Coal., Inc.*, 825 F.3d at 165. Thus, Plaintiff's request for injunctive relief as to the City should be dismissed, as Plaintiff lacks standing to bring this request.

**V.   CONCLUSION**

For the foregoing reasons and for the reasons set forth in its Motion, Defendant City of Pittsburgh respectfully requests that the Court dismiss all claims against it with prejudice. In dismissing a civil rights claim, the court must "permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d

Cir. 2008). The City submits that any amendment would be futile, and that dismissal of Plaintiff's claims should therefore be with prejudice.

Respectfully submitted,

KRYSIA M. KUBIAK
City Solicitor

BY:   */s/ Hillary M. Weaver*
Hillary M. Weaver
Assistant City Solicitor
PA ID # 322545

*/s/ Julie E. Koren*
Julie E. Koren
Assistant City Solicitor
PA ID #309642

City of Pittsburgh Department of Law
313 City-County Building
414 Grant Street
Pittsburgh, PA  15219
(412) 255-2014
hillary.weaver@pittsburghpa.gov
*Counsel for Defendant City of Pittsburgh*

13