## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH D'ARTAGNAN EARLY,                )
                                        )
            Plaintiff,                  )       Civil Action No. 23-417
                                        )       District Judge Robert J. Colville
            v.                          )       Magistrate Judge Maureen P. Kelly
                                        )
PITTSBURGH BUREAU OF POLICE; THE        )       Re: ECF Nos. 4 and 9
CITY OF PITTSBURGH; FERRA'S             )
AUTOMATIVE SERVICES, INC.,              )
                                        )
            Defendants.                 )

## REPORT AND RECOMMENDATION

### I.      RECOMMENDATION

Plaintiff Joseph D'Artagnan Early filed this *pro se* civil rights action pursuant to 42 U.S.C.

§ 1983. ECF No. 1. Plaintiff asserts that his rights to due process and equal protection were violated

when police employed by the City of Pittsburgh (the "City") considered his pick-up truck

abandoned and ordered it towed by Ferra's Automotive Services, Inc. ("Ferra's"). Plaintiff also

alleges state law claims for trespass and replevin, and seeks compensatory damages, declaratory

and injunctive relief, and an award of litigation costs.

Pending before the Court are Motions to Dismiss filed by the Pittsburgh Bureau of Police

and the City ("City Defendants") and by Ferra's. ECF Nos. 4 and 9.  For the reasons that follow,

it is recommended that the Motions to Dismiss be granted.

### II.     REPORT

#### A.      FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 2022, a City police officer responded to a complaint related to a 2005 Ford

Ranger pickup truck parked on a city street. ECF No. 1 at 5. The officer determined that the truck's

registration had expired nearly two years earlier, and the inspection had expired about fifteen months earlier. ECF No. 1-3. In accordance with Pennsylvania law, the officer presumed that the vehicle was abandoned and ordered that it be towed immediately by Ferra's, a salvor under contract with the City.

Plaintiff noticed that his truck was missing on October 10, 2022, and contacted the local police station on October 11 to find out if it had been towed "by the City." ECF No. 1 at 5. He learned that his car was identified as abandoned and towed. Six weeks later, Plaintiff received a notice from the Commonwealth of Pennsylvania Bureau of Motor Vehicles – Abandoned Vehicle Unit. The notice informed him that his car was declared abandoned and was being held by Ferra's. The notice provided information related to the process to reclaim the truck upon payment of towing and storage charges, plus a fee payable to the salvor. ECF No. 1-4. The notice also advised Plaintiff of his right to request a copy of the Abandoned Vehicle Information Report from the police department, "and the right to request a hearing from the municipality in which the vehicle was declared abandoned." Id.

Plaintiff did not contact the City to request a hearing until December 27, 2022. Instead, beginning on November 29, 2022, he repeatedly called his local police station to request a hearing. ECF No. 1 at 6. Plaintiff does not allege whether he spoke with anyone, but he contends that he did not receive "confirmation that a hearing would be granted." Id. On December 2, 2022, he emailed the assistant chief of police requesting both a copy of the report and a hearing. ECF No. 1-5. The assistant chief of police responded on Monday, December 5, 2022, that she was "looking into this" and would respond with her findings. Plaintiff did not receive a response and so he made an in-person visit to his local police station on December 20, 2022. After his visit, Plaintiff received a call and a voicemail message providing contact information for an employee with the City Law

Department and instructions to call the City Law Department to request a hearing. ECF No. 1 at 6-7. Plaintiff called the City Law Department twice on December 27, 2022, but failed to reach anyone. He called again on December 28, 2022, to request a hearing. Id. at 7. Plaintiff received a call later that day telling him a hearing would be scheduled.

On January 5, 2023, the hearing officer called to discuss scheduling the hearing and on January 20, 2023, Plaintiff learned the hearing would be held on January 25, 2023. Id. at 8. Plaintiff attended the hearing before a City employee and received an Abandoned Vehicle Adjudication on February 10, 2023. The Adjudication informed Plaintiff that police properly determined that the vehicle was abandoned and that he could reclaim his car upon payment of accrued towing and storage expenses. Id.

Plaintiff filed a Complaint and Request for Injunctive Relief with this Court on March 13, 2023. He complains that as of that date, Ferra's had possession of the truck for about 122 days. Id. at 4, 11. Plaintiff asserts eleven claims. At Counts I-VI, he claims that the seizure and retention of his vehicle is unreasonable and that the lack of prompt pre-deprivation or post-deprivation notice and a hearing violated his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution. Id. at 8-13. In Count VII, Plaintiff asserts a claim that his rights were violated because the City breached the notice provisions of 75 Pa. Cons. Stat. § 3352, which applies to the removal of abandoned cars located outside of first class or second class cities. Id. at 13. Plaintiff seeks damages for trespass (Count IX) and injunctive relief in the form of a declaration that his constitutional rights were violated and that the municipal Defendants are liable to him for damages and attorney's fees. (Count VIII). Finally, at Count X, Plaintiff asserts a claim against Ferra's for the improper demand for towing and storage and at Count XI, he asserts a state law claim for replevin. Id. at 14-15. Plaintiff requests a declaration that Pennsylvania law

related to the determination of abandoned vehicles is unconstitutional, and an injunction barring Ferra's from selling or otherwise disposing of his car and ordering its return. Id. at 14-16.

Defendants have filed Motions to Dismiss as to all claims against all parties. ECF Nos. 4, 9. Plaintiff has filed responses in opposition to each Motion to Dismiss. ECF Nos. 13, 15.

The Motions to Dismiss are ripe for consideration.

### B.    STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"To determine the sufficiency of a complaint, a court must take three steps. First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011), as amended (June 6, 2011) (quoting Iqbal, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Third, 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" Id. (citations omitted). If the facts alleged in the complaint "show" that the plaintiff is entitled to relief, the court should deny the motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Attached to Plaintiff's Complaint are records related to processing his vehicle as abandoned. "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citing Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985)). "[A]n exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Id. (citation omitted). Plaintiff attaches the Abandoned Vehicle Notification Report, the Police Request for Removal of Abandoned Vehicle, and the Notice of Abandoned Vehicle prepared by the Commonwealth of Pennsylvania Bureau of Motor Vehicles. ECF Nos. 1-3, 1-4. Plaintiff also includes copies of correspondence with various City employees related to Plaintiff's request for a hearing and final decision. ECF Nos. 1-5, 1-6, and 1-7. The authenticity of these documents is not in dispute and thus they may be considered by the Court.

C.    **DISCUSSION**

1.    **City Defendants' Motion to Dismiss – ECF No. 9**

a.    **Applicable State Law**

Pennsylvania Vehicle Code prohibits the operation of motor vehicles that are not currently registered or that fail to display a currently valid inspection certificate. 75 Pa. Cons. Stat. §§ 1301, 4703. As relevant to Plaintiff's claims, the Vehicle Code provides that a vehicle "shall be presumed to be abandoned" if it is "left unattended on or along a highway … for more than 48 hours and does not bear *all* of the following:

A.   A valid registration plate

B.   A current certificate of inspection

C.   An ascertainable vehicle identification number.

5

75 Pa. Cons. Stat. § 102 (emphasis added).  The presumption is rebuttable by a preponderance of the evidence. Id.

Within the boundaries of a city of the first class or second class, any vehicle reported abandoned to a police department that has "a vehicle registration and an inspection sticker, both of which are expired for a period exceeding 90 days, shall be removed immediately by the police department or by an authorized salvor pursuant to police or municipality directions."[1] 75 Pa. Cons. Stat. § 7304.1(b). Once a vehicle is removed, the salvor must send an abandoned vehicle information report to the Commonwealth of Pennsylvania Department of Motor Vehicles. 75 Pa. Cons. Stat. § 7304. Section 7305 provides that "upon receipt of an abandoned vehicle information report," the department must notify the last known registered owner and all lienholders by certified mail that the vehicle is being held as abandoned and advise the owner of their right, within 30 days of the mailing date of the notice, to request from the police department a copy of the abandoned vehicle information report and to request a hearing before a civilian employee of the municipality in which the vehicle was reported as abandoned. 75 Pa. Cons. Stat. § 7305 (a), (b)(5). The statute further requires the Department of Motor Vehicles to inform the owner of the location of the vehicle and the owner's right to reclaim the vehicle within 30 days upon payment of all towing, storage charges, and statutory fees and penalties. 75 Pa. Cons. Stat. § 7305(b)(3).

Plaintiff alleges that on October 10, 2022, police were investigating a complaint related to his truck and determined that the registration and inspection were expired for over ninety days. ECF No. 1 ¶¶ 21-22. Plaintiff's truck was considered abandoned and, under Pennsylvania law, was subject to immediate removal to prevent the operation of an unregistered and uninspected vehicle on City streets.

---

[1] Pittsburgh is a second class city. 53 Pa. Cons. Stat. § 101.

Plaintiff contends that removal of his abandoned truck needed to be in accordance with 75 Pa. Cons. Stat. § 3352(d), a statute enacted before Section 7304.1, that requires pre-deprivation notice.[2]. ECF No. 15 at 6-12. Plaintiff accurately quotes those portions of Section 3352 that set forth procedures for the removal of vehicle that is either (1) stopped outside of a business and residential district or (2) left unattended and obstructing traffic.  75 Pa. C.S. § 3352(a), (b). Even so, Section 3352(c) also provides that a police officer may remove "any vehicle found upon a highway" that has "been abandoned as defined in this title and that the officer shall comply with the provisions of Chapter 73 (relating to abandoned vehicles)."  As set forth above, the later-enacted Section 7304.1 requires the immediate removal of any car in a first or second class city considered abandoned that displays registration and inspection stickers or certificates that have been expired for over 90 days. Thus, in highly populated urban settings, the pre-deprivation notice provisions of Section 3352 do not apply to vehicles displaying long-expired registration and inspection certificates. To the extent that Plaintiff asserts a claim under Section 3352, his claim should be dismissed.

### b.  Pittsburgh Bureau of Police

The City Defendants move to dismiss Plaintiff's claims against the Pittsburgh Bureau of Police because it is not a proper party to this action. ECF No. 10 n.1 (citing Padilla v. Twp. of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009); DeBellis v. Kulp, 166 F. Supp. 2d 255,  264 (E.D. Pa. 2001)). Plaintiff does not address the City Defendants' motion in this regard and, therefore, appears to concede that the Motion to Dismiss should be granted. Upon review, the Court agrees that the

---

[2] The relevant portion of Section 3352 was enacted in 1976. 1976, June 17 Pa. Laws 162, No. 81 § 1.  Section 7304.1 was enacted in 1998, 1998 Pa. Laws 1126, No. 151, § 61, and in 2007 made applicable only to vehicles reported abandoned in first or second class cities. 2007 Pa. Laws 106, No. 33, § 2.

Pittsburgh Bureau of Police is a sub-unit of a local government, and thus is "merely a vehicle through which the city fulfills its policing functions." Johnson v. City of Erie, Pa., 834 F. Supp. 873, 878 (W.D. Pa. 1993) Because there is no independent liability, the Pittsburgh Bureau of Police is not a person subject to suit under Section 1983 and the Motion to Dismiss the police department should be granted. Mikhaeil v. Santos, 646 F. App'x 158, 163 (3d Cir. 2016) (a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part and this is not a proper party).

### c.  Fourth Amendment

Plaintiff alleges that the seizure of his pick-up truck violated his Fourth Amendment rights. ECF No. 1 at 1, 4. "The impoundment of an automobile is a Fourth Amendment seizure. Police, may, however, exercise discretion to impound a vehicle so long as that discretion is exercised according to standard criteria." Blakeney v. Baker, No. 21-399, 2021 WL 2156227, at *2 (E.D. Pa. May 27, 2021) (cleaned up) (quoting Draper v. Upper Darby Twp. Police Dep't, No. 10-1080, 2012 WL 93178, at *2 (E.D. Pa. Jan. 11, 2012)).  "Whether the Fourth Amendment has been violated turns on the objective reasonableness of the seizure." Id. (citing United States v. Smith, 522 F.3d 305, 312 (3d Cir. 2008).

Plaintiff alleges that upon investigation of a complaint, his pick-up truck was determined to have long-expired registration and inspection tags and was identified as abandoned. ECF No. 1 ¶¶ 21-22. Under the Pennsylvania Vehicle Code, immediate seizure was required and, as alleged in the Complaint, removal was accomplished in accordance with the established criteria set forth in 75 Pa. Cons. Stat. § 7304.1. Under these circumstances, Plaintiff fails to state a claim for relief under the Fourth Amendment and the Motion to Dismiss should be granted.

### d. Fourteenth Amendment Due Process Claim

Plaintiff also alleges that his rights to due process under the Fourteenth Amendment were violated through:

(1) the seizure of Plaintiff's vehicle without notice and an opportunity to be heard to permit consideration of his intention not to relinquish ownership of his vehicle (Count I);

(2) the City's policies and practices that delayed notice of seizure for 46 days (Count II);

(3) the passage of 56 days from the date of official notice of abandonment to the day of Plaintiff's hearing and then passage of another 15 days until he received notice of the adjudication denied Plaintiff a reasonable and prompt post-deprivation opportunity to be heard (Count III);

(4) the use of a City Assistant Solicitor as the hearing officer denied him a meaningful opportunity to be heard by an impartial decisionmaker (Count IV);

(5) Pennsylvania's definition of "abandoned vehicle" which creates "an irrebuttable presumption" and does not permit consideration of the owner's intent or efforts to reclaim the vehicle (Count V); and,

(6) the City's interpretation of Section 7304.1 to permit and require the immediate seizure of cars with registration and inspection certificates expired for greater than 90 days.

ECF No. 1 at 8-12.

Defendants contend that the post-deprivation notice and hearing provided to Plaintiff satisfies due process.[3] ECF No. 10 at 4-8. Upon review, the Court agrees.

---

[3] The City Defendants contend that to the extent that Plaintiff's Complaint can be construed to assert a substantive due process claim under the Fourteenth Amendment, he fails to state a claim. The Court agrees. To state a substantive due process claim, Plaintiff must allege facts sufficient to show that he was deprived of a protected interest by government action that was "arbitrary, irrational, or tainted by improper motive." Nicholas v. Pa. State Univ., 227 F.3d 133, 139 (3d Cir. 2000) (internal quotation marks and citation omitted). Plaintiff alleges that his truck was presumed abandoned and seized in accordance with the criteria set forth in the Pennsylvania Motor Vehicle Code.

"To prevail on his procedural due process claim, [Plaintiff is] required to show that '(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." Abernathy v. City of Pittsburgh, 795 F. App'x 85 (3d Cir. 2020) (citing Hill v. Kutztown, 455 F.3d 225, 234 (3d Cir. 2006) ("A fundamental requirement of due process is the opportunity to be heard ... at a meaningful time and in a meaningful manner); and Elsmere Park Club, L.P. v. Town of Elsmere, 542 F.3d 412, 417 (3d Cir. 2008) (internal quotation marks omitted)). "Where there is the necessity of quick action by the State, or where providing any meaningful predeprivation process would be impractical, an adequate postdeprivation remedy is sufficient to protect an individual's due process rights." Id. (internal quotation marks omitted).

In  City of Los Angeles v. David, 538 U.S. 715 (2003), the United States Supreme Court held that car owner's due process rights were not violated when his illegally parked car was towed without notice and a hearing related to the propriety of towing was not held for thirty days. The Supreme Court applied the factors in Mathews v. Eldridge, 424 U.S. 319 (1976) to determine whether the plaintiff received "the process that the Constitution finds due." Id. at 716 (cleaned up). These factors assess:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and, finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Id. The Supreme Court determined that the private interest was not substantial because the temporary deprivation of the use of an automobile involved a monetary interest that an interest

---

ECF No. 1 ¶¶ 22, 23. Thus, he fails to allege facts that plausibly show that the seizure of his truck was arbitrary, irrational, or tainted by improper motive.

payment could compensate. The second factor was met despite the 30-day delay to present evidence of error given that "[a]dministrative and judicial proceedings normally take place after considerably more time has elapsed. And the straightforward nature of the issue – whether the car was illegally parked – indicates that initial towing errors, while they may occur, are unlikely." Id. at 717. Finally, the Court found that the Government's interest related to the delay "argues strongly in the city's favor." Id. To that end, the interest in enforcing parking rules supported the absence of a predeprivation hearing and the 27-day delay in holding a hearing "reflects no more than routine delay." Id. As to the length of the delay, the Supreme Court acknowledged its ruling in FDIC v. Mallon, 486 U.S. 230, 242-43 (1988), where the Court held that a 30-day delay of a hearing and a potential 90-day delay of a decision did not violate the Constitution. David, at 717. Thus, as to the claim before it, the Court held that "the Due Process Clause does not prohibit an agency from imposing this kind of procedural delay when holding hearings to consider claims of the kind here at issue." Id.

The district court in Abernathy v. City of Pittsburgh, No. 18-302, 2018 WL 6385021 (W.D. Pa. Dec. 6, 2018), considered claims nearly identical to that raised here. There, the City police responded to complaints about Abernathy's car and found that the vehicle's inspection sticker had expired a year earlier and that the registration had expired five months before. Id. at *1. In accordance with 75 Pa. Cons. Stat. § 7304.1, the vehicle was presumed abandoned and towed. Like Plaintiff here, Abernathy failed to follow the procedure set forth in the Notice of Abandonment to request a hearing. And like Plaintiff here, Abernathy asserted that the absence of a pre-deprivation remedy and a prompt post-deprivation remedy violated his rights to due process. He also complained that the use of an allegedly biased City Solicitor deprived him of a meaningful opportunity to be heard by an impartial decisionmaker.

The district court explained that the procedures set forth in the Vehicle Code for seizure of vehicles presumed to be abandoned had been reviewed by several federal courts and found "to pass constitutional muster." Id. 2018 WL 6385021, at 6-7 (citing Barshinger v. Buffington, No. 03-0506, 2004 WL 3607974, at *10 (M.D. Pa. June 10, 2004), aff'd, 131 F. App'x 783 (3d Cir. 2005), and Draper v. Darby Twp. Police Dep't, 777 F. Supp. 2d 850, 857 (E.D. Pa. 2011)). As to the plaintiff's particular procedural due process claims, the district court found that his failure to request a hearing as instructed in the notice precluded the claim.

On appeal, a panel of the United States Court of Appeals for the Third Circuit agreed on all grounds. First, "because of the apparent 'necessity of quick action' and the impracticality of providing a predeprivation process before towing [the plaintiff's vehicle], a predeprivation hearing was not required." Abernathy, 795 F. App'x at 87 (citing City of Los Angeles v. David, supra). Second, the remedy afforded under Pennsylvania law, including notice that Abernathy's vehicle was towed and an opportunity to challenge the determination that his vehicle was abandoned, was "an adequate postdeprivation remedy." Third, Abernathy was afforded a hearing but failed to use the process available and therefore could not maintain a successful Section 1983 action. Id. The Third Circuit panel concluded that the delay in offering a hearing did not render the process inadequate, nor did the use of a city employee as a hearing officer. Id. at n.3.

Here, Plaintiff presents no basis for this Court to reach a different result. Plaintiff's interest is modest, given that his truck could be reclaimed pending a hearing upon payment of accrued towing and storage fees or, at his option, he could await adjudication and recover his truck without payment if a hearing officer determined the truck was erroneously declared abandoned. 75 Pa. Cons. Stat. § 7305(b)(5). The risk of erroneous deprivation is limited given the clear statutory criteria classifying as abandoned those vehicles on public streets with long-expired registration

12

and inspection certificates.  As to the complained of delay, Plaintiff had preliminary notice that his car was towed as abandoned within 24 hours of seizure. ECF No. 1 ¶¶ 25, 26. Upon receipt of official notification that his truck was seized as abandoned, Plaintiff waited for nearly a month to contact "the municipality" as directed by the notice to schedule a hearing. Once he complied with the notice, the City scheduled a hearing within 30 days. Under these circumstances, the delay in scheduling the hearing does not render the process constitutionally inadequate. Abernathy, 795 F. App'x at 87 n.3.

Plaintiff's constitutional challenge based on the identity of the hearing examiner's employer also fails to state a claim for the denial of a meaningful opportunity to be heard. Id. The straight-forward criteria for abandoned vehicles under Pennsylvania law and Plaintiff's concession that his vehicle met those criteria when it was seized renders Plaintiff's claim of alleged impartiality unsustainable.

For each of these reasons, the City Defendants' Motion to Dismiss Plaintiff's due process claims at Counts I, III-VI should be granted.

### e.  Equal Protection Claim

At Count VI, Plaintiff alleges that the City Defendants' interpretation of Section 7304.1 of the Vehicle Code requiring the towing of vehicles found to be abandoned violates both his rights to due process and to equal protection. ECF No. 1 ¶¶ 77, 78. The City Defendants move to dismiss Plaintiff's equal protection claim for failure to state a claim.  ECF No. 10 at 11. In his brief in opposition to the pending motion, Plaintiff fails to address the City's argument. ECF No. 15.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim under § 1983, the plaintiff must allege that (1) he is a

member of a protected class and (2) he received different treatment than that received by other similarly situated individuals. See Keenan v. City of Philadelphia, 983 F.2d 459, 465 (3d Cir. 1992). Plaintiff does not allege that he is a member of a protected class or that he received treatment different from any other owner of a vehicle found to be abandoned and towed in accordance with 75 Pa. Cons. Stat. § 7304.1. Thus, the Motion to Dismiss Plaintiff's Equal Protection claim should be granted. See Rosado v. City of Coatesville, No. 19-02426, 2020 WL 1508351, at *3 (E.D. Pa. Mar. 30, 2020) (dismissing equal protection claim arising from towing of vehicle found to be abandoned based on failure to allege required elements of claim).

### f.  **Monell** Claim

At Counts I, II, IV, and VI, Plaintiff asserts various claims against the City for liability based on an allegedly unconstitutional policy and practices related to vehicles declared abandoned. To state a Section 1983 claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. Monell v. Dep't of Soc. Servs. of City of New York., 436 U.S. 658, 694 (1978); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583–84 (3d Cir. 2003). Thus, Plaintiff must point to facts establishing that a policy or custom of the municipality caused, or was a moving force behind the alleged violation of his rights. Bd. of Cnty. Comm'rs of Bryan Cnty, Okl. v. Brown, 520 U.S. 397, 403 (1997).

The City Defendants seek dismissal of Plaintiff's Monell claims for failure to state a claim. ECF No. 10 at 9-10. First, Plaintiff's reliance on the towing of his own vehicle as evidence of the City's alleged unconstitutional policies, practices, or customs is insufficient. Abernathy, 2018 WL 6385021, at *7 (citing Brown v. City of Pittsburgh, 586 F.3d 263, 292-93 (3d Cir. 2009)). Second, the City's practices and procedures reflect compliance with applicable state law and thus do not violate Plaintiff's constitutional rights. Id. Plaintiff responds that the City's admitted failure to

apply the pre-deprivation notice rules under 75 Pa. Cons. Stat. § 3352 "is proof and an admission that the City has a policy or practice, at a minimum, of ignoring Section 3352 for certain vehicles." ECF No. 15 at 13.

Because the Court has determined that Plaintiff's rights have not been violated by the City Defendants' enforcement of the applicable provision of Pennsylvania's Motor Vehicle Law — Section 7304.1 – "there can be no derivative municipal claim." Abernathy, 2018 WL 6385021, at *7 (citing Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 238 n. 15 (3d Cir. 2013)). Moreover, as in Abernathy, Plaintiff's "one-time incident could not provide a basis for holding the City liable for a policy or custom." Id. Thus, it is recommended that the Court grant the City Defendants' Motion to Dismiss Plaintiff's Monell claims.

### g. Trespass Claim

The City Defendants move to dismiss Plaintiff's state law claim for "trespass to chattels" (Count IX) based on the immunity afforded it under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8541 ("PSTCA"). Under the PSTCA, "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. § 8541(a).

Cities and police departments are "local agencies" for PSTCA purposes. See, e.g., Burkhart v. Knepper, 310 F. Supp. 2d 734, 744 (W.D. Pa. 2004) (holding that both the City of Johnstown and Johnstown Police Department were "local agencies" under the PSTCA). "Tort immunity is a non-waivable, absolute defense." Cromo v. SSC Coraopolis Operating Co., LP, No. 17-1625, 2018 WL 4403522, at *4 (W.D. Pa. Apr. 17, 2018) (citing In re Upset Sale of Prop's., 560 A.2d 1388, 1389 (Pa. 1989)). Absent an exception to immunity, Plaintiff cannot sustain his claim for trespass against the City Defendants.

The PSTCA sets forth nine exceptions to immunity and requires that the injury result from "the negligent acts of the local agency." 42 Pa. Cons. Stat. § 8542(a)(2), (b)(1)-(9). "'[N]egligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." 42 Pa. Cons. Stat. § 8542(a)(2). As alleged by Plaintiff, any trespass committed was a willful act and is otherwise outside the exceptions to immunity. See Win & Son, Inc. v. City of Philadelphia, 162 F. Supp. 3d 449, 466–67 (E.D. Pa. 2016) ("The Tort Claims Act, however, renders the city immune from claims based on willful or malicious conduct.… Trespass is [] an intentional tort to the extent deliberate conduct is averred, and to the extent that the claim avers mistaken conduct, it does not fall within an exception to governmental immunity for negligence.") (internal citations and quotation marks omitted). Thus, it is recommended that the Court grant the Motion to Dismiss Plaintiff's claim for trespass (Count IX).

### h. Claim for Injunctive Relief

The City Defendants move to dismiss Plaintiff' claims for declaratory and injunctive relief for lack of standing because his claims are based on exposure to past conduct. ECF No. 10 at 12. Plaintiff does not address this argument and therefore appears to concede that he fails to state a claim for injunctive relief.

Upon review, the Court agrees that Plaintiff's claims for declaratory and injunctive relief should be dismissed for lack of standing as to his claim for declaratory relief and for failure to state a claim for an injunction requiring the return of his car.

"Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another." See Corliss v. O'Brien, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam); see also Andela v. Admin. Off. of U.S. Courts, 569 F. App'x 80, 83 (3d Cir. 2014) (per curiam) ("Declaratory judgments are meant to define the legal rights

and obligations of the parties in the anticipation of some future conduct"). Thus, Plaintiff's claims for declarations that Pennsylvania law related to the seizure of abandoned vehicles is unconstitutional and that his rights have been violated are properly dismissed.

To the extent that Plaintiff seeks an injunction requiring the return of his vehicle, Plaintiff cannot obtain that relief from the City, as the vehicle is not in its possession. Further, for the reasons set forth in this Report and Recommendation, Plaintiff is not entitled to the return of his vehicle absent payment to Ferra's of the accrued towing and storage fees, and the statutory penalty fee. 75 Pa. Cons. Stat. § 7306. Thus, it is recommended that the Court dismiss Plaintiff's claims for declaratory and injunctive relief at Counts VIII.

### 2. Defendant Ferra's Motion to Dismiss – ECF No. 4

Ferra's presents a Motion to Dismiss for failure to state any claim for relief. ECF No. 4. Ferra's contends that because it complied with state law and acted at the lawful direction of a City police officer, it cannot be liable to Plaintiff for any claim presented against it. ECF No. 5. Plaintiff responds that Ferra's is a state actor amenable to suit under Section 1983, and thus is liable to him for the violation of Plaintiff's Fourth and Fourteenth Amendment rights. ECF No. 13. In his brief, Plaintiff contends that "there is no evidence Ferra ever submitted the abandoned vehicle report" as required by the Pennsylvania Motor Vehicle Code to trigger the legal entitlement to payment. Id. at 3. Therefore, Plaintiff argues that Ferra's is wrongfully demanding payment and retaining control over his truck.

The Court agrees (and Ferra's does not dispute) that based on the allegations in Plaintiff's Complaint, Ferra's may be considered a state actor under Section 1983. See, e.g., Rosado v. City of Coatesville, 2020 WL 1508351, at *5 (the plaintiff alleged enough facts to potentially establish that towing company and police "jointly participated in the towing and impoundment of his

vehicle, possibly making the towing company a state actor"); <u>Orkowski v. McCauley</u>, 2019 WL 2246781, at *4 (E.D. Pa. May 22, 2019) (permitting § 1983 claim to proceed against towing company based on allegations that company acted with township officials to unlawfully seize property); <u>Foster v. City of Philadelphia</u>, 2014 WL 5821278, at *22 (E.D. Pa. Nov. 10, 2014) ("[Towing company] is a state actor for § 1983 purposes by virtue of maintaining an ongoing salvor relationship and contract with the City of Philadelphia.")).

Ferra's uncontested status as a state actor aside, Plaintiff's Fourth Amendment and Fourteenth Amendment claims against Ferra's fail for the same reasons as his claims against the City.

First, Plaintiff alleges that Ferra's is a salvor as defined by the Pennsylvania Vehicle Code and acted in that capacity at the direction of a City police officer. ECF No. 1 ¶¶ 8,12. Plaintiff alleges in his Complaint that his truck was taken in accordance with the factors set forth in Section 7304.1. Thus, his truck was seized under established lawful criteria and he cannot maintain a Fourth Amendment claim. Second, Plaintiff does not allege an Equal Protection claim against any Defendant. And as to Plaintiff's procedural due process claim, Pennsylvania law provides him "with an adequate postdeprivation remedy, including providing notice that his vehicle was towed, an opportunity to retrieve the vehicle (provided that he pay the towing and storage fees), and an opportunity to request a hearing to challenge the determination that his vehicle was abandoned." <u>Rosado</u>, 2020 WL 1508351, at *6 (citing 75 Pa. Con. Stat. § 7305(b)).

Plaintiff challenges dismissal of his claims because there is no evidence that Ferra's processed the abandoned vehicle report. ECF No. 13 at 3. Thus, Ferra's demand for payment for storage and its continued control over the truck is "an independent violation of Plaintiff's Constitutional rights." <u>Id.</u> This argument does not merit a different result.

Under the Pennsylvania Vehicle Code as explained in <u>Rosado</u>,

[o]nce a salvor takes possession of the abandoned vehicle, it must send an abandoned vehicle information report to the Department of Transportation. <u>Id.</u> § 7304. From there, the Department of Transportation must notify the last known registered owner and any lienholders that the vehicle is being held as abandoned, and must inform the owner of his rights (1) to reclaim the vehicle within thirty days from the date the notice was mailed (upon payment of all towing and storage fees), (2) to request a copy of the abandoned vehicle information report from the police department, and (3) to a hearing before a civilian officer or municipal employee to contest the status of the vehicle as abandoned within that thirty-day period. <u>Id.</u> § 7305.

<u>Rosado</u>, 2020 WL 1508351, at *4. Plaintiff's receipt of the notice of abandonment from the Department of Transportation that identifies Ferra's as the salvor establishes that Ferra's sent the required abandoned vehicle information report. Thus, Plaintiff fails to state a plausible claim for relief for the alleged violation his Fourth or Fourteenth Amendment rights.

Plaintiff's state law claims for trespass and replevin also fail.

An individual commits the tort of trespass to chattels by intentionally dispossessing another person of a chattel or intermeddling with a chattel in another person's possession. <u>Pestco, Inc. v. Associated Products</u>, Inc., 880 A.2d 700, 708 (Pa. Super. Ct. 2005). If the interference with the owner's right of possession is sufficiently severe to permanently deprive him or her of that right, the trespass culminates in a conversion. <u>Baram v. Farugia</u>, 606 F.2d 42, 43–44 (3d Cir. 1979). A conversion can occur even if the defendant does not appropriate the property for his or her own use. <u>Central Transport, LLC v. Atlas Towing, Inc.</u>, 884 F. Supp. 2d 207, 218–19 (E.D. Pa. 2012).

<u>Ickes v. Grassmeyer</u>, 30 F. Supp. 3d 375, 402 (W.D. Pa. 2014).  But where possession is pursuant to a lawfully issued directive, no claim for trespass or conversion is stated. <u>Madero v. Luffey</u>, 439 F. Supp. 3d 493, 517 (W.D. Pa. 2020), *clarified on denial of reconsideration by* 2020 WL 9815453 (W.D. Pa/ Mar. 13, 2020) (trespass to chattels and conversion require that possession occur without lawful justification. As a result, possession pursuant to a properly issued police order fails to state a claim for liability).  Similarly, "[t]o prevail in a replevin action, the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question."

Susquehanna Com. Fin., Inc. v. French, No. 10–7481, 2011 WL 1743503, at *4 (E.D. Pa. May 5, 2011) (quoting Ford Motor Credit Co. v. Caiazzo, 564 A.2d 931, 933 (Pa. Super. Ct. 1989)).

Here, Ferra's took possession of Plaintiff's vehicle in accordance with the properly issued directive of a City police officer and it retains possession pursuant to the Pennsylvania Motor Vehicle Code. Because Ferra's was entitled to rely on the order when it seized Plaintiff's vehicle, it cannot be liable for trespass nor subject to an order for replevin.

Thus, it is recommended that the Court grant Ferra's Motion to Dismiss.

### 3.    Leave to Amend

The United States Court of Appeals for the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Therefore, it is recommended that Plaintiff be afforded an opportunity to file an Amended Complaint as to his Fourth Amendment, Fourteenth Amendment, Monell, and state law claims. However, Plaintiff's claims for declaratory and injunctive relief should be dismissed with prejudice and without an opportunity to amend.

The Court should further instruct Plaintiff that any Amended Complaint must be filed within thirty days, must fully allege every claim he wishes to pursue against all parties, and be a pleading that stands by itself without reference to the original Complaint. See Young v. Minnick, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

### D.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court grant the Motion to Dismiss filed on behalf of Defendants Pittsburgh Bureau of Police and the City of Pittsburgh,

ECF No. 9. It is further recommended that the Court grant the Motion to Dismiss filed on behalf of Ferra's Automotive Services, Inc., ECF No. 4.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties may file written objections within fourteen days, or seventeen days for unregistered ECF Users. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may respond to the objections within 14 days in accordance with Local Civil Rule 72.D.2.

Dated: November 15, 2023                  Respectfully submitted,

                                          MAUREEN P. KELLY
                                          UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Robert J. Colville
        United States District Judge

        All counsel of record by Notice of Electronic Filing

        Joseph D'Artagnan Early
        6323 Ebdy Street
        Pittsburgh, PA 15217

21