IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH D'ARTAGNAN EARLY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-417 |
| ) | District Judge Robert J. Colville |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| PITTSBURGH BUREAU OF POLICE; THE ) | Re: ECF Nos. 32 and 34 |
| CITY OF PITTSBURGH; FERRA'S ) | |
| AUTOMOTIVE SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

I.   **RECOMMENDATION**

Pending before the Court are Motions to Dismiss filed by the City of Pittsburgh (the "City") and Ferra's Automotive Services, Inc. ("Ferra's"). ECF Nos. 32 and 34. For the following reasons, it is recommended that the Motions to Dismiss be granted.

II.   **REPORT**

A.   **RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiff Joseph D'Artagnan Early ("Early") filed this *pro se* civil rights action against the City, the Pittsburgh Bureau of Police, and Ferra's pursuant to 42 U.S.C. § 1983. His claims arise out of the deemed abandonment and removal of his pick-up truck from a City street. ECF No. 1. Early's initial Complaint was dismissed for failure to state any claim for relief, and he was granted leave to file an amended complaint. ECF Nos. 24 and 25. Early timely filed his First Amended Complaint and reasserts most claims with minor alterations.[1] ECF No. 26. He also brings new self-

---

[1] Plaintiff's Amended Complaint omits his Fourteenth Amendment equal protection claim and his state law claims for trespass and replevin.

1

styled claims for declaratory relief for the City's alleged failure to investigate whether Early intended to abandon his vehicle before ordering removal and for failing to introduce evidence that his vehicle was "watched" for 48 hours before deeming it abandoned. Id. at 16. As explained below, the Court agrees with Defendants that Early's Amended Complaint fails to correct any pleading deficiency identified in his initial Complaint.

The relevant factual background is set forth at length in the Report and Recommendation filed by the Court on November 15, 2023. ECF No. 24. Therefore, the Court writes for the parties and addresses only the sufficiency of the allegations to support the claims alleged in the Amended Complaint.

On October 10, 2022, a City police officer responded to a complaint of an abandoned 2005 Ford Ranger pickup truck parked on a City street. ECF No. 26 at 5. The officer determined that the vehicle's registration had expired nearly two years earlier, and the inspection sticker had expired about fifteen months earlier. ECF No. 1-3. In accordance with Pennsylvania law, the police officer contacted Ferra's and ordered the immediate removal of the vehicle.

Pennsylvania's Motor Vehicle Code provides that a vehicle is presumed to be abandoned if it "is left unattended on or along a highway or other public property for more than 48 hours and does not bear **all** of the following: (A) [a] valid registration plate, (B) **[A] current certificate of inspection** (C) An ascertainable vehicle identification number." 75 Pa. C.S. § 102 (emphasis added). In a class-one or class-two city, the Motor Vehicle Code requires the immediate removal of vehicle reported to police as abandoned:

> (a) General rule.--Any and all vehicles reported abandoned to the police department and/or the appropriate designated municipal agency or department that handles the abandoned vehicle and cargo process shall be investigated within five business days to determine if the reported vehicle is abandoned as defined in section 102 (relating to definitions). Upon the completion of the investigation, any and all reported vehicles that satisfy the requirements of the definition of "abandoned vehicle" shall

>   be officially declared abandoned and removed within ten business days by the police department or by an authorized salvor pursuant to police or municipality directions. Proper notification of the removal of the vehicle shall be sent pursuant to section 7305 (relating to notice to owner and lienholders of abandoned vehicles).
>
>   (b)  Certain vehicles.--**Any and all vehicles found to be abandoned vehicles pursuant to subsection (a) and found to have a vehicle registration and an inspection sticker, both of which are expired for a period exceeding 90 days, shall be removed immediately by the police department or by an authorized salvor pursuant to police or municipality directions.** Proper notification of the removal of the vehicle shall be sent pursuant to section 7305.
>
>   (c)  Applicability.--This section shall apply only to vehicles reported abandoned within the boundaries of a city of the first class or a city of the second class.

75 Pa. C.S. § 7304.1 (emphasis added). It is not disputed that Pittsburgh is a city of the second class.

Pennsylvania's Motor Vehicle Code provides for an abandonment notice to be sent by non-party Pennsylvania Department of Transportation ("PennDOT") to an owner and any lienholder. 75 Pa. C.S. § 7305. The notice informs the owner and lienholder of the vehicle's location and of the right to reclaim the vehicle within 30 days upon payment of all towing, storage charges, and related fees or penalties. In addition, the notice informs the owner and any lienholder of their right to request a hearing "*from the municipality* in which the vehicle was declared abandoned." ECF No. 1-4 (emphasis added). "If as a result of the hearing it is determined that the vehicle was not abandoned, the owner or lienholder may retrieve the vehicle within 48 hours without payment of any of the fees and penalties" assessed by law.

In this case, Early confirms in the Amended Complaint that on October 11, 2022, he learned from local police that his vehicle had been towed. Early alleges that he received the required notice from PennDOT on November 26, 2022. ECF No. 26 ¶¶ 26, 30. The form notice instructed Early to "request a hearing from the municipality in which the vehicle was towed" and identified the City as the relevant municipality. ECF No. 1-4. Early alleges that he repeatedly contacted the police

3

department over the next month to schedule a hearing but did not receive confirmation that a hearing would be held. ECF No. 26 ¶¶ 34-38, 40-41. On December 20, 2022, Early was instructed to contact a representative with the City Law Department to arrange for a hearing. Id. ¶ 41. He contacted the representative twice on December 27, 2022, and again on December 28, 2022. Id. ¶¶ 42-44. Early received a call on December 28, 2022 and was told that a hearing would be provided. On January 5, 2023, an Assistant Solicitor for the City contacted him to schedule the hearing, and the hearing was conducted on January 25, 2023. Id. ¶¶ 46-48. Thus, once requested, the hearing occurred within thirty days.

On February 10, 2023, Early received notice of the decision that the vehicle "was lawfully determined to be 'Abandoned' and that [Early] could reclaim [the] Vehicle upon payment of all towing and storage expenses." Id. ¶ 49. Early does not allege that he appealed this adjudication in accordance with the procedure available under Pennsylvania law. See 2 Pa. C.S. §752 ("Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)."). Instead, on March 13, 2023, he began this federal action challenging the sufficiency of evidence of abandonment as well as the procedures employed relative to the deemed abandonment of his vehicle.

Early adds the following unsupported factual allegations and conclusions of law in his Amended Complaint.

- Officer Kusenko responded to a complaint about the vehicle and did not "determin[e] whether [Early's] vehicle had been unattended for a period of 48 hours or more," prior to presuming it had been abandoned. ECF No. 26 ¶ 21.

4

- "The Pittsburgh Bureau of Police is considered a sub-unit of the City of Pittsburgh and, therefore, requesting a hearing from the Pittsburgh Bureau of Police provides proper notice to the City of Pittsburgh." Id. ¶ 33.

- "The Pittsburgh Bureau of Police employees are considered employees [of] the City of Pittsburgh." Id.

Early also alleges that "[t]he Abandoned Vehicle Report, received by Plaintiff, does not contain the 'Salvor Information', required by Section 'D' of the report. Meaning, it is missing and estimated value of the vehicle, the 'Salvor Name', the 'Salvor Certificate Number', 'Telephone Number', 'Salvor's Address', 'City', 'State', 'Zip Code', certification is incomplete, the 'Signature of Authorized Person,' and the 'Date of Tow.'" Id. ¶ 39.

In response to the Amended Complaint, the City and Ferra's filed Motions to Dismiss and argue that the new allegations do not cure the pleading deficiencies previously identified by the Court. ECF Nos. 33, 35. Early filed a response to each Motion to Dismiss. ECF Nos. 38, 39. The motions are ripe for consideration.

**B.    STANDARD OF REVIEW**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"To determine the sufficiency of a complaint, a court must take three steps. First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011), *as amended* (June 6, 2011) (quoting Iqbal, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Third, 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" Id. (citations omitted). If the facts alleged in the complaint "show" that the plaintiff is entitled to relief, the court should deny the motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Attached to Early's initial Complaint were records related to processing his vehicle as abandoned. "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citing Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985)). "[A]n exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Id. (citation omitted). The documents contained in the record include the Abandoned Vehicle Notification Report, the Police Request for Removal of Abandoned Vehicle, and the Notice of Abandoned Vehicle prepared by the Commonwealth of Pennsylvania Bureau of Motor Vehicles. ECF Nos. 1-3, 1-4. Early has also provided correspondence with various City employees related to his request for a hearing and final decision. ECF Nos. 1-5, 1-6, and 1-7. The authenticity of these documents is not in dispute and thus they may be considered by the Court.

### C. DISCUSSION

#### 1. The City's Motion to Dismiss – ECF No. 32

As to the City, the new allegations to the Amended Complaint do not differ in any material way from those asserted in Early's initial Complaint. Thus, the factual allegations of the Amended Complaint are also insufficient to state Fourth or Fourteenth Amendment claims.[2]

#### a. Fourth Amendment Claim

To the extent that Early asserts a Fourth Amendment claim for the "unreasonable seizure" of his property, he again fails to state a claim for relief.[3] "The impoundment of an automobile is a Fourth Amendment seizure. Police, may, however, exercise discretion to impound a vehicle so long as that discretion is exercised according to standard criteria." Blakeney v. Baker, No. 21-399, 2021 WL 2156227, at *2 (E.D. Pa. May 27, 2021) (cleaned up) (quoting Draper v. Upper Darby Twp. Police Dep't, No. 10-1080, 2012 WL 93178, at *2 (E.D. Pa. Jan. 11, 2012)). "Whether the Fourth Amendment has been violated turns on the objective reasonableness of the seizure." Id. (citing United States v. Smith, 522 F.3d 305, 312 (3d Cir. 2008)).

---

[2] All claims asserted against the Pittsburgh Bureau of Police should be dismissed with prejudice for the reasons explained in the Court's previous Report and Recommendation related to the City's Motion to Dismiss Early's initial Complaint. ECF No. 24 at 7-8. There, the Court found:

> that the Pittsburgh Bureau of Police is a sub-unit of a local government, and thus is "merely a vehicle through which the city fulfills its policing functions." Johnson v. City of Erie, Pa., 834 F. Supp. 873, 878 (W.D. Pa. 1993). Because there is no independent liability, the Pittsburgh Bureau of Police is not a person subject to suit under Section 1983 and the Motion to Dismiss the police department should be granted. Mikhaeil v. Santos, 646 F. App'x 158, 163 (3d Cir. 2016) (a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part and this is not a proper party).

Id.

[3] The Court construes Early's Amended Complaint to assert a substantive due process claim under the Fourteenth Amendment arising out of the seizure of his vehicle. Because such a claim is properly brought under the Fourth Amendment, the Court addresses the Fourth Amendment claim directly. Albright v. Oliver, 510 U.S. 266, 273 (1994).

Early alleges that upon investigation of a complaint, his vehicle was determined to have long-expired registration and inspection tags, was identified as abandoned, and removed. ECF No. 26 ¶¶ 21-22. Early thus alleges facts establishing that under the standard criteria set forth in the Pennsylvania Motor Vehicle Code, immediate seizure of his vehicle was required and was accomplished in accordance with the established criteria set forth in 75 Pa. Cons. Stat. § 7304.1. Under these circumstances, Early fails to state a claim for relief under the Fourth Amendment and the City's Motion to Dismiss should be granted.

### b. Fourteenth Amendment Due Process Claims

The new allegations in the Amended Complaint also do not cure any pleading deficiency related to Early's Fourteenth Amendment due process claims.

As before, Early alleges that his rights to due process under the Fourteenth Amendment were violated through:

(1) the seizure of Early's vehicle and the imposition of a "de facto lien" without notice and an opportunity to be heard to permit consideration of evidence of his intention "not to relinquish" ownership of his vehicle (Count I);

(2) the City's policies and practices that delayed notice of seizure for 46 days (Count II);

(3) the passage of 56 days from the date of official notice of abandonment to the day of Plaintiff's hearing and then passage of another 15 days until he received notice of the adjudication denied Plaintiff a reasonable and prompt post-deprivation opportunity to be heard (Count III);

(4) the use of a City Assistant Solicitor as the hearing officer denied him a meaningful opportunity to be heard by an impartial decisionmaker (Count IV);

(5) Pennsylvania's definition of "abandoned vehicle" creates "an unconstitutional irrebuttable presumption" and does not permit consideration of the owner's intent or efforts to reclaim the vehicle (Count V); and

(6) the City's policy to immediately tow cars with registration and inspection certificates expired for greater than 90 days violates the due process clause of the Fourteenth Amendment (Count VI).

ECF No. 26 at 8-13.

Early again fails to plead facts sufficient to find that he was entitled to a predeprivation hearing or denied an adequate postdeprivation remedy. See Abernathy v. City of Pittsburgh, 795 F. App'x 85 (3d Cir. 2020); Elsmere Park Club, L.P. v. Town of Elsmere, 542 F.3d 412, 417 (3d Cir. 2008); City of Los Angeles v. David, 538 U.S. 715, 717 (2003) (predeprivation hearing not required when illegally parked vehicle was towed, acknowledging Court's ruling in FDIC v. Mallon, 486 U.S. 230, 242-43 (1988), that a 30-day delay of a hearing and a potential 90-day delay of a decision did not violate the Constitution).

As to the 87-day delay in scheduling a postdeprivation hearing, Early now alleges that his calls to the police to request a hearing were equivalent to contacting the municipality. ECF No. 26 ¶ 32. Thus, Early asserts that the delay in an adjudication of the propriety of removing his vehicle was caused by the City and violated his procedural due process rights. But PennDOT's notice directed Early to contact *the municipality* for a hearing and to contact *the police department* for a copy of the report. ECF No. 1-4. The notice expressly instructs an aggrieved vehicle owner that *two different entities* must be contacted for information related to the seizure and to request a hearing. Early's failure to follow these instructions and any resulting delay in scheduling a hearing does not give rise to a violation of his due process rights by the City.

In his brief in opposition to the pending Motion to Dismiss, Early also concedes that the vehicle "had been in the same place for some time because Early was working from home and using his other car." ECF No. 38 at 7. Early acknowledges that because the car's inspection was long overdue, "it would have been illegal for [him] to operate and move the vehicle. The only legal way to move the vehicle would have been for Plaintiff to have the vehicle towed to the repair shop of [his] choice." Id. Thus, in addition to the allegations in his Amended Complaint, Early acknowledges that the removal of his vehicle served a legitimate government interest, as reflected in Pennsylvania's Motor Vehicle Code. Accordingly, for the reasons set forth in this Report and in the previous Report and Recommendation filed in relation to Early's initial Complaint, Early fails to state a procedural due process claim under the Fourteenth Amendment. It is recommended that Early's claims at Counts II – V be dismissed.

### c. Monell Claim

Early reasserts a claim at Count VI against the City for engaging in a policy to violate procedural due process rights. ECF No. 26. He again fails to state a claim for relief under Monell v. Dep't of Soc. Servs. of City of New York., 436 U.S. 658, 694 (1978) (a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation). Based on the facts set forth in the Amended Complaint, his alleged constitutional injury derives from enforcement of the Pennsylvania Motor Vehicle Code and PennDOT's statutory duty to provide timely notice. Under these circumstances, a City municipal policy is not the cause of any injury stemming from the removal of Early's vehicle or any delay in receipt of the abandoned vehicle notice. Thus,

> [b]ecause the Court has determined that Plaintiff's rights have not been violated by the City Defendants' enforcement of the applicable provision of Pennsylvania's Motor Vehicle Law — Section 7304.1 – "there can be no derivative municipal claim." Abernathy[ v. City of Pittsburgh, No. 18-302, 2018 WL 6385021, at *7 (W.D. Pa. Dec. 6, 20180](citing Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 238 n. 15 (3d Cir. 2013)). Moreover, as in

> <u>Abernathy</u>, Plaintiff's "one-time incident could not provide a basis for holding the City liable for a policy or custom." <u>Id.</u>

ECF No. 24 at 15. Because Early fails to state a <u>Monell</u> claim , it is recommended that the Court grant the City's Motion to Dismiss his claims at Count VI.

### d. Violation of Motor Vehicle Code

Early also asserts claims arising out of the City's alleged failure to conform to various provisions of Pennsylvania's Motor Vehicle Code. None of the allegations state a claim for relief.

In the prior Report and Recommendation, this Court concluded that Early's reliance on 75 Pa. C.S. § 3352(d) is wrong.

> Plaintiff contends that removal of his abandoned truck needed to be in accordance with 75 Pa. Cons. Stat. § 3352(d), a statute enacted before Section 7304.1, that requires pre-deprivation notice.[4] ECF No. 15 at 6-12. Plaintiff accurately quotes those portions of Section 3352 that set forth procedures for the removal of vehicle that is either (1) stopped outside of a business and residential district or (2) left unattended and obstructing traffic. 75 Pa. C.S. § 3352(a), (b). Even so, Section 3352(c) also provides that a police officer may remove "any vehicle found upon a highway" that has "been abandoned as defined in this title and that the officer shall comply with the provisions of Chapter 73 (relating to abandoned vehicles)." As set forth above, the later-enacted Section 7304.1 requires the immediate removal of any car in a first or second class city considered abandoned that displays registration and inspection stickers or certificates that have been expired for over 90 days. Thus, in highly populated urban settings, the pre-deprivation notice provisions of Section 3352 do not apply ….

ECF No. 24 at 7. Nothing in the Amended Complaint changes that finding. Accordingly, Early's claim under Section 3352 should be dismissed with prejudice.

Early also alleges claims against the City for declaratory and other unspecified relief for failing to adequately investigate whether his vehicle was abandoned and for failing to provide evidence that he had left his vehicle unattended for 48 hours. ECF No. 26 (Counts VIII and X).

---

[4] The relevant portion of Section 3352 was enacted in 1976. 1976, June 17 Pa. Laws 162, No. 81 § 1. Section 7304.1 was enacted in 1998, 1998 Pa. Laws 1126, No. 151, § 61, and in 2007 made applicable only to vehicles reported abandoned in first- or second-class cities. 2007 Pa. Laws 106, No. 33, § 2.

11

The City contends that both claims are properly dismissed because the Motor Vehicle Code does not provide a private cause of action for the violation of the cited statutes and because the City has immunity under 42 Pa. C.S. § 8541(a). The Court agrees. No private cause of action is stated, and dismissal is proper.

Under Pennsylvania law, "[t]he violation of a statute and the fact that some person suffered harm does not automatically give rise to a private cause of action in favor of the injured person. [Thus, t]his court will not engraft a private cause of action onto the statute without further guidance from the General Assembly." Est. of Witthoeft v. Kiskaddon, 557 Pa. 340, 348, 733 A.2d 623, 627 (1999) (finding no private cause of action against physician based on reporting requirements under the Motor Vehicle Code). Early does not point to a basis for a private cause of action under 75 Pa. C.S. § 102, and the Court will not impose one.

The Court again finds that Early's request for declaratory relief also is properly dismissed. Declaratory relief is unavailable to declare that one's rights have been violated in the past. See Corliss v. O'Brien, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); see also Andela v. Admin. Off. of U.S. Courts, 569 F. App'x 80, 83 (3d Cir. 2014) (per curiam) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). Early's claim at Count VIII seeks a declaration that his rights were violated and fails to assert a basis for future conduct. Thus, his claims at Counts VIII and X are properly dismissed.

### 2. Defendant Ferra's Motion to Dismiss – ECF No. 34

Ferra's presents a Motion to Dismiss the Amended Complaint for failure to state any claim for relief. ECF No. 38. Ferra's contends, and the Court agrees, that Early fails to correct the deficiencies identified by the Court when it dismissed the initial Complaint.

Early's brief in opposition to the pending Motion to Dismiss adds to previous arguments that Ferra's seizure of the vehicle was "done under color of law" as a state actor and created a "*de facto* lien." ECF No. 39 at 3-4. But this Court concluded (and Ferra's again doesn't challenge) that Ferra's may be considered a state actor under Section 1983. ECF No. 24 at 16-17 (citing Rosado v. City of Coatesville, 2020 WL 1508351, at *5 (E.D. Pa. Mar. 30, 2020) (the plaintiff alleged enough facts to potentially establish that towing company and police "jointly participated in the towing and impoundment of his vehicle, possibly making the towing company a state actor"); Orkowski v. McCauley, 2019 WL 2246781, at *4 (E.D. Pa. May 22, 2019) (same); Foster v. City of Philadelphia, 2014 WL 5821278, at *22 (E.D. Pa. Nov. 10, 2014) (same).

Yet, even as a state actor, the Court concluded that Ferra's took possession of Early's vehicle in accordance with the properly issued directive of a City police officer and that it lawfully retains possession under the Pennsylvania Motor Vehicle Code. Id. at 19-20.

Early's additional allegations relate to the lack of salvor information contained on the "Police Request for Removal of Abandoned Vehicle Form" and do not change the Court's resolution of his claims. The City police officer identified "Ferra's Automotive" on the form as the salvor requested to remove the vehicle and provided Ferra's Certification Number. ECF No. 1-3. PennDOT's Notice identified Ferra's as the salvor in possession of the vehicle, provided an address, and clarified that "[t]he salvor works only by the direction of the [identified ] police department…" ECF No. 1-4 (capitalization altered).

As explained by the Court in the previous Report and Recommendation, Early was provided an adequate postdeprivation remedy, including notice that his vehicle was towed, the identity of the salvor, the right to retrieve the vehicle upon payment of towing and storage fees, and instructions to request a hearing to challenge the determination that his vehicle was abandoned. ECF No. 24 at 18-19. The Court also determined that Early stated no other basis for relief against Ferra's. Id. The minor alterations in Early's Amended Complaint do not change this result. Thus, it is again recommended that the Court grant Ferra's Motion to Dismiss.

D.   **CONCLUSION**

Because Early fails to cure the deficiencies previously identified by the Court in dismissing his initial Complaint, it is recommended that the Court grant the Motions to Dismiss filed on behalf of the Pittsburgh Bureau of Police, the City of Pittsburgh, and Ferra's Automotive Services, Inc., this time with prejudice. The Court finds that any further attempt at amendment would be futile. See Wiley v. McMahon, No. 23-1175, 2024 WL 168271, at *1 (W.D. Pa. Jan. 16, 2024) (holding that amendment is futile where "it merely restates the same facts as the [prior pleadings] in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss") (citations omitted).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties may file written objections within fourteen days, or seventeen days for unregistered ECF Users. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will

waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may respond to the objections within 14 days in accordance with Local Civil Rule 72.D.2.

Dated: September 30, 2024

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Robert J. Colville
United States District Judge

All counsel of record by Notice of Electronic Filing

Joseph D'Artagnan Early
6323 Ebdy Street
Pittsburgh, PA 15217

15