IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH D'ARTAGNAN EARLY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-417 |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | Magistrate Judge Maureen P. Kelly |
| PITTSBURGH BUREAU OF POLICE; | ) | |
| THE CITY OF PITTSBURGH; FERRA'S | ) | |
| AUTOMATIVE SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

Before the Court is the September 30, 2024 Report and Recommendation (ECF No. 40) filed by the Honorable Maureen P. Kelly in the above-captioned matter. Judge Kelly's September 30, 2024 Report and Recommendation recommends that the Court grant the Motions to Dismiss Plaintiff's Amended Complaint filed by Defendants, Pittsburgh Bureau of Police ("PGH Police") and the City of Pittsburgh (the "City") (ECF No. 32) and by Defendant, Ferra's Automotive Services, Inc. ("Ferra's Auto") (ECF No. 34).

### I. Procedural History

Plaintiff initiated this action with the filing of a Complaint on March 13, 2023. ECF No. 1. On June 22, 2023, Ferra's Auto filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 4) along with a Brief in Support (ECF No. 5). On July 20, 2023, Plaintiff filed a Response in Opposition (ECF No. 12) and a Brief in Opposition (ECF No. 13). Further, on June 26, 2023, PGH Police and the City, filed their Motion to Dismiss Plaintiff's Complaint (ECF No. 9) and their Brief in Support (ECF No. 10). On July 27, 2023, Plaintiff filed a Response in Opposition (ECF No. 16) and a Brief in Opposition (ECF No. 15).

1

On November 15, 2023, the Honorable Maureen P. Kelly issued a Report and Recommendation (ECF No. 24) in which she recommended that Defendants' Motions to Dismiss be granted, with prejudice, as to Plaintiff's claims for declaratory and injunctive relief, and, without prejudice, as to Plaintiff's Fourth Amendment, Fourteenth Amendment, *Monell*, and state law claims.  Objections to Judge Kelly's Report and Recommendation were due on November 29, 2023.  Plaintiff did not file any objections to the Report and Recommendation.  On January 31, 2024, this Court entered an Order adopting the Report and Recommendation in its entirety and setting a deadline for the filing of any amended complaint.  ECF No. 25.

On March 1, 2024, Plaintiff filed his Amended Complaint.  ECF No. 26.  On April 15, 2024, PGH Police and the City filed their Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 32) along with their Brief in Support (ECF No. 33).  Additionally, on April 15, 2024, Ferra's Auto filed its Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 34) along with its Brief in Support (ECF No. 35).  On May 17, 2024, Plaintiff filed his Response in Opposition to PGH Police and the City's Motion to Dismiss (ECF No. 38) and to Ferra's Auto's Motion to Dismiss (ECF No. 39).

On September 30, 2024, Judge Kelly issued her Report and Recommendation recommending that the Court grant Defendants' Motions to Dismiss Plaintiff's Amended Complaint, with prejudice.  ECF No. 40.  On October 15, 2024, Plaintiff filed his Objections to the Report and Recommendation.  ECF No. 41.  On October 28, 2024, PGH Police and the City filed their Response in Opposition to Plaintiff's Objections.  ECF No. 42.  On October 29, 2024, Ferra's Auto filed its Response in Opposition to Plaintiff's Objections.  ECF No. 44.

These matters are now ripe for disposition.

## II.　Legal Standard

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id.* "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review,

"[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

### III. Discussion

Initially, upon review of Judge Kelly's September 30, 2024, Report and Recommendation, Plaintiff's Objections and the Responses thereto, the relevant briefing on the Motions to Dismiss, as well as a review of the entire record in this matter, the Court agrees with the well-reasoned analysis set forth in Judge Kelly's Report and Recommendation. Judge Kelly recommends dismissal, with prejudice, of Plaintiff's Amended Complaint finding that Plaintiff has failed to cure the deficiencies identified in his initial Complaint.

Following de novo review of Plaintiff's objections, the Court finds that Plaintiff's Objections to the Report and Recommendation lack merit. Specifically, Plaintiff raises objections to Judge Kelly's findings that he has failed to plead claims under the Fourth Amendment, Fourteenth Amendment, *Monell*, and against Ferra's Auto. For the reasons discussed below, the Court will deny Plaintiff's objections.

#### A. Fourth Amendment Claims

First, Plaintiff objects to Judge Kelly's determinations that he has failed to plead a cause of action under the Fourth Amendment. Obj, pp. 2-3, 13. Specifically, Plaintiff argues that Judge

4

Kelly's findings were "not based on precedent and do[] not provide any Constitutional analysis."[1] Obj., pp. 2-3. Further, Plaintiff argues that he properly demonstrated that the City did not comply with Pennsylvania law and therefore, violated his Fourth Amendment rights. Obj., pp. 2, 13. Plaintiff is incorrect. Judge Kelly's analysis fulsomely outlines that Plaintiff's own allegations that his vehicle was towed due to "long-expired registration and inspection tags" establish that seizure of his vehicle was required under the Pennsylvania Motor Vehicle Code and that, therefore, the seizure was reasonable. R&R, p. 7-8. As such, Plaintiff's objections as to his Fourth Amendment claim are overruled.

### B. Fourteenth Amendment Claims

Turning to his Fourteenth Amendment Due Process claim, Plaintiff raises the following objections: that Judge Kelly improperly relied upon *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412 (3d Cir. 2008); *City of Los Angeles v. David*, 538 U.S. 715 (2003); and *FDIC v. Mallon*, 486 U.S. 230 (1988); that Judge Kelly failed to make a determination that predeprivation due process is not required under the Fourteenth Amendment; that Judge Kelly incorrectly found that § 3352 of the Pennsylvania Motor Vehicle Code does not apply; that Judge Kelly failed to identify or discuss the *Mathews* factors; and that Judge Kelly made contradicting statements about the relationship between the City and PGH Police. Obj., pp. 3-11, 13. The Court will address each objection in turn.

As it concerns the Third Circuit and Supreme Court precedent relied upon by Judge Kelly, the Court overrules Plaintiff's objections. Judge Kelly properly relied upon this precedent for the

---

[1] Additionally, Plaintiff argues that Judge Kelly improperly relied on the following cases when determining that he had not pled a Fourth Amendment claim: *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412 (3d Cir. 2008); *City of Los Angeles v. David*, 538 U.S. 715 (2003); and *FDIC v. Mallon*, 486 U.S. 230 (1988). Obj., p. 3. However, Judge Kelly relied on these cases when discussing his Fourteenth Amendment claim. R&R, p. 9. Therefore, the Court will address Plaintiff's arguments as to these cases in conjunction with his objections to Judge Kelly's findings as to his Fourteenth Amendment claim.

rules of law they provide. There is no requirement that the facts of the relied upon cases be identical to the ones at issue in this case, only that they are materially on point so as to constitute precedential or persuasive authority.

Turning to Plaintiff's objection that Judge Kelly failed to make a determination that predeprivation due process is not required under the Fourteenth Amendment. The Court disagrees and will overrule Plaintiff's objection. Judge Kelly's Report and Recommendation appropriately finds that Plaintiff has "fail[ed] to plead facts sufficient to find that he was entitled to a predeprivation hearing." R&R, p. 9.

As to Plaintiff's objections that Judge Kelly incorrectly found that § 3352 of the Pennsylvania Motor Vehicle Code does not apply to the issues in this case, the Court again overrules Plaintiff's objections. Judge Kelly properly found that § 7304.1 of the Pennsylvania Motor Vehicle Code applies in this matter and not § 3352. Therefore, Plaintiff's objections concerning § 3352 are overruled. Additionally, Plaintiff's objections concerning § 7304.1 of the Pennsylvania Motor Vehicle Code, and, specifically, that a "perceived compliance" with § 7304.1 does not mean that he did not suffer a constitutional violation, *see* Obj., p. 5, are overruled. Judge Kelly appropriately analyzed whether the provisions of the Pennsylvania Motor Vehicle Code complied with the requirements of procedural due process. *See* R&R, p. 10 (incorporating analysis from the Nov. 15, 2023 Report and Recommendation). Therefore, these objections are overruled.

Additionally, as to the *Matthews* factors, Judge Kelly addressed and analyzed these factors in her November 15, 2023 Report and Recommendation, which was incorporated into the September 30, 2024 Report and Recommendation currently before the Court. Therefore, Plaintiff's objection is overruled.

Lastly, as to Plaintiff's objection that Judge Kelly made contradicting statements about the relationship between the City and PGH Police.  Plaintiff argues that on one hand Judge Kelly found that PGH Police was not a person subject to suit under § 1983 because it was a sub-unit of a local government and on the other hand found that Plaintiff was required to contact both the City and PGH Police to request a hearing.  Obj., p. 11.  Plaintiff argues that this is contradictory because "if [PGH Police are] a sub-unit of the City, the Court could conclude notice of [Plaintiff's] request for a hearing to [PGH Police] constitutes notice of the City of [Plaintiff's] desire for a hearing.  If they are completely different entities, than [sic] the court can conclude that they may be independently liable in an action at law against [PGH Police]."  *Id.*  The Court disagrees that Judge Kelly's findings are contradictory.  Judge Kelly properly found that PGH Police is not a person subject to suit and properly found that Plaintiff had failed to follow the appropriate instructions to request a hearing.

For the reasons stated above, Plaintiff's objections concerning his Fourteenth Amendment claim are overruled.

### C. *Monell* Claim

Turning to Plaintiff's *Monell* Claim, Plaintiff argues that Judge Kelly's Report and Recommendation "is completely devoid of Constitutional analysis." Obj., p. 12.  Further, Plaintiff argues that he has asserted a *Monell* claim because the City and PGH Police violated Pennsylvania law by not providing a predeprivation hearing or postdeprivation remedy.  The Court will overrule Plaintiff's objections.  As clearly analyzed by Judge Kelly, Plaintiff has failed to state a *Monell* claim because he has failed to plead facts establishing that a policy or custom of the City caused a violation of his rights.

### D. Claims Against Ferra's Auto

As to his claims against Ferra's Auto, Plaintiff argues that he "properly stated Constitutional claims against Ferra [so] they can be considered a government actor acting under

7

color of law." Obj. 14. Plaintiff further argues that discovery is critical to determine whether Ferra's Auto's failure to complete the MV-952 form caused delay in Plaintiff receiving notice. *Id.* at 15. Additionally, Plaintiff argues that the failure to complete this form precludes Ferra's Auto from retaining the vehicle and demanding payment for its release. *Id.* Lastly, Plaintiff argues that Ferra's Auto's continued possession of the vehicle is a de facto lien. *Id.* at 15-16.

To begin, Judge Kelly appropriately found that Ferra's Auto was a state actor, so any arguments by Plaintiff in support of this finding are not considered objections by the Court. Further, as to Plaintiff's remaining arguments, Judge Kelly properly addressed them and found that Ferra's Auto took possession of Plaintiff's vehicle in accordance with Pennsylvania law and that, therefore, it had not violated Plaintiff's Fourth and Fourteenth Amendment rights. R&R, pp. 13-14 (incorporating Nov. 15, 2023 Report and Recommendation). Additionally, Judge Kelly appropriately considered Plaintiff's arguments concerning the incomplete MV-952 form and properly found that these arguments did not change the Court's findings. R&R, p. 13. For these reasons, Plaintiff's objections concerning his claims against Ferra's Auto are overruled.

Accordingly, for the reasons stated above, the Court will overrule Plaintiff's objections and approve and adopt the Report and Recommendation in its entirety as the opinion of the Court. Judge Kelly's thorough analysis considered and addressed the arguments raised by Plaintiff in his objections and upon a de novo review of said objections, the Court agrees with Judge Kelly's analysis.

**IV.     Conclusions and Order of Court**

For the reasons discussed above, the Court will grant Defendants' Motions to Dismiss. Accordingly, it is hereby ORDERED as follows:

1. The Court approves and adopts the September 30, 2024 Report and Recommendation (ECF No. 40) in its entirety as the opinion of the Court.

2. Defendants' Motions to Dismiss (ECF Nos. 32, 34) are granted.

3. Plaintiff's Objections (ECF No. 41) are overruled.

4. Plaintiff's Amended Complaint is dismissed, with prejudice.

5. The Clerk of Court's shall mark this case as CLOSED.

BY THE COURT:

/s/ *Robert J. Colville*
Robert J. Colville
United States District Judge

Dated: February 25, 2025

cc:   The Honorable Maureen P. Kelly
      United States Magistrate Judge

      Joseph D'Artagnan Early
      6323 Ebdy Street
      Pittsburgh, PA 15217
      josephearly@hotmail.com

      All counsel of record via CM/ECF